THE GRAND RIVER BRIDGE COMPANY V. ROLLINS.

1. CORPORATIONS — ACCOUNTING BY OFFICERS — CREDITS ALLOWABLE FOR EXPENDITURES MADE BEFORE CORPORATE CAPACITY COMPLETE.— In an action by a bridge company against its president (who was likewise its managing officer) to compel an accounting, such officer is entitled to credit for work done and for moneys expended for materials used in the construction of the company's bridge, the credits arising after the execution and filing of the articles of incorporation in the office of the recorder of the county in which the bridge was located, but prior to their being filed in the office of the secretary of state.

2. SAME — LIABILITY OF A CORPORATION DE FACTO.— While the company did not become a corporation *de jure* prior to the filing of the articles of incorporation in the office of the secretary of state, but a corporation *de facto* only, yet, having accepted and appropriated the fruits of the labor and money of its officer, the law implies a promise to pay for the same.

*Appeal from District Court of Clear Creek County.*

Messrs. L. B. FRANCE and W. T. HUGHES, for appellant.

Messrs. R. H. GILMORE and C. C. POST, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The principal questions raised upon this appeal have been passed upon by this court in the case of *Byers v. Rollins, post*, p. 22, and therefore will not here be reviewed. This action was brought by the Byers board of directors, in the name of the company, for the purpose of compelling an accounting by the defendant of his receipts and expenditures as president and managing officer of the plaintiff corporation. No question having been raised as to the authority of these directors to bring the action in the name of the corporation, the court below, after hearing evidence, entered an interlocutory decree for an accounting, and appointed a referee to make the same.

After taking all the testimony offered by the respective parties, this referee made a report to the court in which it is stated, among other things, "that on January 10, 1887, there was due defendant, John Q. A. Rollins, from plaintiff $368.25; and that there was due defendant, Rollins, $1,133.25 on May 4, 1885, which includes the balance due on January 10, 1887." Exceptions having been filed to the referee's report and overruled, a judgment was thereafter entered in accordance with the findings of the referee, and the case brought here for review by appeal.

It is contended by appellant that the referee erred in

giving the defendant credit for the amount found to have been due him upon the 10th day of January, 1887. The evidence shows that this amount was for work done, material furnished and money advanced in the construction of the bridge for the company after the articles of incorporation had been legally executed and filed with the recorder of Grand county, but before these articles were filed in the office of the secretary of state. Although, in the absence of such filing, the plaintiff did not become a corporation *de jure*, it was a *de facto* corporation during the whole of the time over which the transactions with the defendant extended. As such *de facto* corporation it had a full complement of officers, and was carrying on an extensive business; and as there was lawful authority for its incorporation, its corporate existence, during the time it was so acting, cannot be questioned in this collateral proceeding. *Humphreys v. Mooney*, 5 Colo. 282. Aside from this, after its corporate capacity had become complete, the plaintiff passed upon and allowed the defendant's account embracing these items; and, if this had not been done, it having accepted and appropriated the fruits of Rollins' labor and money, the law would imply a promise to pay for the same. We think the item of $368.25 was properly allowed.

We do not deem it necessary to consider the assignments of error relating to the admission and rejection of certain testimony, as the final judgment would not be affected by any decision that might be made thereon. Upon a careful examination of the evidence, we see no reason for disturbing the findings of the referee. The judgment is accordingly affirmed.

*Affirmed.*