[No. 4186.]

ALLEN ET AL. v. ELRICK ET AL.

1. CONTRACTS—FRAUD—BURDEN OF PROOF—FINDINGS OF TRIAL
    COURT.

   Where the plaintiffs alleged that defendants entered into an unlawful contract for the purpose of cheating and defrauding plaintiffs, and did defraud them of interests in certain mining claims, the burden is on the plaintiffs to establish the allegations, and where the trial court found that plaintiffs had failed to establish the allegations of their complaint by a preponderance of evidence, and the finding was supported by the evidence, it must be affirmed.

*Error to the District Court of Rio Grande Co.*

Mr. ALBERT L. MOSÈS, for plaintiffs in error.

Mr. IRA J. BLOOMFIELD, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The plaintiffs in error (plaintiffs below) claim a two-thirds interest in the mining claims known as the Commodore No. 1, the Commodore No. 2, and the Commodore No. 3, situated in West Blanca Mining District, in Costilla County, Colorado. They allege in their complaint, filed June 3, 1899, that they entered into the following contract with the defendant in error Elrick:

"Amethyst, Colo., 4–18th, '99.

This contract entered into this the 18th day of April, 1899, by and between T. N. Allen and John Brennenstuhl parties of the first part, and Alex. Elrick of the second part, bears witness:—

That the party of the first part hereby sends Alex. Elrick to prospect for mineral.

Party of the first part agree to advance $50.00 to pay $1.50 per day (75c. each of first part) and to furnish two-thirds of mining expenses to party of the second part.

Party of second part agrees to prospect to best of his ability. To prospect for a period of three months or longer unless otherwise compromised by both first and second parties. Also to give two-thirds of all claims located to party of first part.

In witness whereof: The parties have hereunto set their hands in duplicate in this the day and date first above mentioned."

T. N. ALLEN,

A. B. ELRICK.                JOHN BRENNENSTUHL."

They charge, in substance, that, at the time of the signing of the contract, the defendants entered into an agreement whereby the defendants were to prospect in the said mining district for gold-bearing quartz ledges; that ledges, or claims, of questionable value discovered were to be located in the names of Elrick and the plaintiffs; that the promising o valuable claims were to be located in the name or the defendant Schenck, and the defendant Elrick was to be a joint owner with the defendant Schenck in such claims; that the defendant Schenck, although not a party to the contract, knew of its terms and conditions, and was present at the time it was signed; that the money furnished by the plaintiffs was used by the defendants jointly; that the three claims in controversy were discovered and located while defendants were subsisting upon the food and using supplies purchased with the money furnished by plaintiffs; that plaintiffs have complied with the terms of the contract; and pray that they be decreed to be the

owners of two-thirds interests of the said claims.

The defendants filed separate answers. The defendant Schenck denied the allegations of the complaint, and alleged that he discovered and located the claims before the contract set forth was executed; and that, for a valuable consideration, he conveyed an interest therein to the defendant Elrick. The defendant Elrick denied the allegations of the complaint, and alleged that, for a valuable consideration, he purchased an interest in the claim from the defendant Schenck. Replications were filed, denying the new matter of the answers. The cause was tried by the court. At the conclusion of the testimony, the following opinion was rendered: "In this case, I am not so well satisfied as to what ought to be done as I would like to be, but inasmuch as it devolves upon the plaintiffs to establish their allegations by a preponderance of the evidence, and being unable to see that they have done so in this case, the court finds the issues for the defendants and dismisses the plaintiffs' complaint. Judgment was thereupon entered for the defendants, and the plaintiffs bring the case here by writ of error, assigning, as grounds for reversal, error of the court in finding for the defendants, and holding that the plaintiffs should establish the allegations of their complaint by a preponderance of the evidence.

A witness named Stewart testified that he located these claims about April 4, 1899, and other witnesses testified that they saw the discovery stake of the Commodore No. 1, with that date upon it, prior to the date of the contract. The testimony of Schenck and Elrick sustains the allegations of their answers. There is no testimony in the case which, in our opinion, would warrant the court in finding for the

plaintiffs. Elrick, having received the sum of fifty dollars, located for the plaintiffs six claims in the mining district. There is nothing in the contract which would make the plaintiffs owners of any claim purchased by him; and there is no testimony which will justify a finding that the money of plaintiffs was used for such purpose. We know of no rule of law that, under the circumstances shown in this case, places upon a defendant the burden of proof. The plaintiffs having alleged that the defendants were engaged in an unlawful contract, entered into for the purpose of cheating and defrauding them, and that by their contract the defendants had cheated and defrauded them of interests in these mining claims, the burden is clearly upon the plaintiffs to establish these allegations; and the court having heard all the testimony and found that the plaintiffs had failed to establish the allegations of their complaint by a preponderance of the evidence, nothing remains for us to do but affirm the judgment, which is accordingly done.

*Affirmed.*