[No. 5128.]
[No. 2718 C. A.]

POSSELL ET AL. V. SMITH.

**1. Appellate Practice—Pleading—Discretion of Trial Court.**

Whether or not duplicate statements of the same cause of action will be permitted in the complaint, rests in the sound legal discretion of the trial court; and that discretion will not be disturbed on appeal except in case of abuse.—P. 129.

**2. Appellate Practice—Pleading—Complaint—Two Statements of Cause of Action Commingled—Motion—Waiver by Answer —Estoppel.**

Where a cause of action on contract is commingled in one statement with one upon a quantum valebat, such union should be taken advantage of by motion; and, where defendants fail so to do, but put both causes in issue, by their answer, they are estopped to complain.—P. 130.

**3. Instructions—Construed Together—Ambiguous Language.**

In an action against promoters of a corporation for the contract price of certain machinery, the court instructed the jury that, where the promoters of a corporation have entered into a contract, the same may be ratified by the subsequently formed corporation, and that it is not necessary that the directors as a body or at a meeting assembled should, by formal resolution, adopt or ratify the same; but that the corporation may be bound to pay for property that it has actually used which had been bought by its promoters, "and the use of which the directors have had actual cognizance and knowledge of, if they have continued to use it and failed to repudiate it." Held, that the jury were not misled, since the word "repudiate" must refer to the contract, and not to the machinery; and, since the jury were further, in the immediate connection, told that their finding must be made upon the alleged conversations and promises made by the directors, as claimed to have occurred, they understood that, before there could be a ratification by the directors, they must have a "knowledge" of all the material facts concerning the contract.—P. 130.

**4. Corporations—Promoters—Contracts—Ratification by Directors—A Regular Meeting Not Necessary.**

Where a majority of the directors of a corporation individually have knowledge of all the material facts connected with the purchase of certain machinery by the promoters of the company, and promise to pay the debt, or, with such knowledge, make use

and enjoy the benefits of the thing bought, that is sufficient to make the company liable.—P. 131.

**5. Real Property—Fixtures—Question for Jury.**

A corporation purchased certain mining claims from its promoters, who became directors of the company, and, upon the land, at the time of its purchase by the promoters, was an air compressor belonging to plaintiff, which she sold separately to them. The compressor remained upon the land, and was used by the company, and, in an action by plaintiff against the directors for its purchase price, they alleged that the compressor was a fixture, and passed by the granting clause in the deed, which included permanent fixtures. Held, that, under the controverted questions of fact, whether the compressor constituted a fixture was for the jury.—P. 132.

**6. Appellate Practice—Conflicting Evidence—Verdict Not Disturbed on Appeal.**

Although the evidence in a case might impress fair-minded men differently, and might not be as clear and preponderating as possible, yet, if there is evidence legally sufficient to sustain the verdict, it will not be disturbed on appeal.—P. 133.

*Appeal from the County Court of Arapahoe County. Hon. Ben B. Lindsey, Judge.*

Action by Margaret Smith against George W. Possell and James A. Wheeler. From a judgment for plaintiff, defendants appeal.        *Affirmed.*

Mr. E. M. SABIN and Messrs. FILLIUS & DAVIS, for appellants.

Mr. EDWARD D. UPHAM, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by appellee, plaintiff, to recover against appellants and others, defendants below, the contract price, or value, of an air compressor that she claims she sold and delivered to the promoters of an incorporated company of which they are the directors, which contract the company, after its organization, ratified and adopted as its

own. The ground of their liability for a certain class of debts of the company, to which plaintiff's claim belongs, is predicated upon a failure by them, as president and a majority of its board of directors, seasonably to file the annual reports and certificates of paid-up stock which the statute requires to be done, and visits upon the delinquent directors the penalty of paying such debts if they fail to do so.

Defendants admit they did not comply with the statute, and that they are liable if the company itself, of which they are directors, could be held.

The complaint alleges the sale and delivery by plaintiff to defendants of an air compressor for which they promised to pay her $1,000, which sum was then and there the reasonable worth and value of the compressor. The judgment, which was in favor of plaintiff, is attacked upon numerous grounds, but only such as are argued by appellants are considered.

1. It is said that, inasmuch as the plaintiff declares upon an express contract, she cannot recover upon a *quantum valebat*. Under the reformed code of procedure, the general rule is that duplicate statements of the same cause of action are not permitted in the same complaint, but it is not an absolute or inflexible rule. Indeed, this court and our court of appeals have repeatedly decided that whether or not duplicate statements will be allowed rests in the sound legal discretion of the trial court, and that discretion will not be disturbed except in case of abuse.—*Buckingham v. Harris,* 10 Colo. 455; *Cramer v. Oppenstein,* 16 Colo. 504, 511; *Leonard v. Roberts,* 20 Colo. 88; *Manders v. Craft,* 3 Colo. App. 236; *C. & F. Lumber Co. v. D. & R. G. R. Co.,* 17 Colo. App. 275; *Rucker v. Omaha, etc., S. & R. Co.,* 18 Colo. App. 487; *Vindicator Cons. G. M. Co. v. Firstbrook,* 36 Colo. 498.

The point made that where a plaintiff declares upon a special contract and undertakes to prove it, he may not, at the same time, offer proof of the value of his services or of the thing sold, and recover as the jury may conclude with reference to the matter, which doctrine was announced in *Rockwell Stock Co. v. Castroni,* 6 Colo. App. 528, is not applicable to this case; for here the plaintiff declared not only upon an express contract, as to the terms of which the parties are not in accord, but upon a *quantum valebat.*—*Harper v. Lockhart,* 9 Colo. App. 430. Commingled in one statement are what should have been separate statements of the same cause of action, but this improper union should have been taken advantage of by motion. Not only did defendants fail in this respect, but in the answer they expressly put in issue both of these improperly joined statements. They cannot after verdict take advantage of the lack of separate statements. Some of the cases go to the extent of holding that, though not strictly a correct way of pleading, yet this commingling of two statements in one count is not a serious vice.—1 Abbott's Forms of Pleading 147, note; *Stokes v. Taylor,* 104 N. Car. 394.

That question, however, is not before us because, in the absence of a seasonable objection, defendants, by answering and putting in issue the same, are estopped to complain of such combined statements.

2. The charge to the jury was oral, and the instructions were not separately numbered. In one sentence of this charge the court told the jury that where the promoters of a corporation have entered into a contract, the same may be ratified by the subsequently formed corporation, but it was not necessary that the directors, as a body, or at a meeting assembled, should, by formal resolution, adopt or ratify the same; but that the corporation may be bound

to pay for property that it has actually used which had been bought by its promoters, "and the use of which the directors have had actual cognizance and knowledge of, if they have continued to use it and failed to repudiate it."

The part of the instruction quoted is unfortunately worded, and, as is sometimes true in an oral charge, the language employed is not entirely clear in its meaning. We think, however, that this part of the charge, taken in connection with what immediately follows, did not result in misleading the jury. The appellants say that "knowledge," as used here, referred merely to knowledge which the company had of the use of the compressor, and that the jury were not advised, as they should have been, that, in order to prove a ratification, the directors must have had a knowledge of the terms of the contract of sale. The word "repudiate," used in the instruction, must have referred to the contract and not to the compressor, and we think that, since the jury were also in the immediate connection told that their finding must be made upon the alleged conversations and promises and statements made by the directors from time to time, as plaintiff alleged occurred, they understood that before there could be a ratification by the directors they must have a knowledge of all the material facts concerning the contract.

The appellants further say that such a contract could not be ratified unless the particular knowledge of all the material facts came to the directors at a regular meeting of the board. We do not so understand the law. If, as a matter of fact, a majority of the directors of the company individually have knowledge of all the material facts and promise to pay the debt, or, with such knowledge, make use, and enjoy the benefits, of the thing bought, that is sufficient to make the company liable. *Extension G.*

*M. & M. Co. v. Skinner,* 28 Colo. 237, instead of being against this conclusion, fairly construed, supports it.

See, also, 1 Clark & Marshall Priv. Corp. 309, 310; *Arapahoe Inv. Co. v. Platt,* 5 Colo. App. 515; *Grand River Co. v. Rollins,* 13 Colo. 4; *Colo. L. & W. Co. v. Adams,* 5 Colo. App. 190; *Franklin Co. v. O'Brien,* 22 Colo. 129.

There was evidence tending to show that the majority of the directors of this company were its promoters, and that, as promoters, they had full knowledge of the alleged contract of sale with the plaintiff, and afterwards, as directors, and before they made use of the property.

3. There was evidence tending to show that the corporation bought certain lands and mining claims upon which at the time this air compressor was placed and used in mining operations. Just how it was affixed to the lands is not altogether clear, but it could easily be removed without destruction of, or injury to, the real estate. The defendants claim that, without any knowledge of plaintiff's claim of ownership, they bought the lands, supposing the compressor was a fixture and passed by the granting clause in the deed, which included not only the land but permanent fixtures as well. They therefore say that, for this reason, the plaintiff cannot recover.

These controverted questions of fact were left to the jury under appropriate instructions. There was evidence tending to show that the promoters before the company was organized, and the directors afterwards, knew that plaintiff claimed to own this compressor. Indeed, there can hardly be called any dispute on this phase of the case. The land upon which the thing was situate was owned jointly by plaintiff's husband and Wheeler, one of these defendants. The defendant company, through its

proper officers, had full knowledge as to the plaintiff's claim in this respect, and of her contract with the promoters. The compressor was not intended by her, or by those who owned the land at the time it was put upon the same, to become a fixture or remain permanently as a part of the land. This question of fact, we repeat, was properly submitted to the jury, and their finding cannot be disturbed.

4. It is strenuously contended that the evidence is insufficient to sustain the verdict. We merely observe that although nearly every material question of fact was in dispute, there is evidence in this record legally sufficient to sustain the verdict, and under the established rule in this jurisdiction we cannot set it aside. Moreover, it is doubtful, although we have given appellants the benefit of the doubt, if their objections to the instructions of the court, or to the sufficiency of the evidence, are before us, for we fail to find that proper exceptions were taken or preserved in such a way as, under our rules, to entitle appellants to be heard. While the evidence in this case might impress fair-minded men differently, and while the proof may not be as clear and preponderating in plaintiff's favor as it might be, still we cannot, under our well established rule, interfere with the verdict. The judgment is therefore affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.