No. 9327.

McDermott *v.* Lingquist, Executor.

1. Specific Performance—*What Allowed.* Plaintiff must show not only a valid contract but that the enforcement thereof will work no injustice to defendant.

2. Executor—*Power to Convey Lands.* Where, by the will, the executor is empowered to convey the testator's lands "subject to an order first had of the Probate Court," an agreement of the executor to dispose of lands pertaining to the estate of the decedent, without first obtaining the license of the court, and without compliance with any of the provisions of the statute applicable will not be specifically enforced.

3. New Trial—*Newly Discovered Evidence,* which is merely cumulative is not sufficient.

So where the failure to produce it at the trial is not explained.

*Error to Denver District Court, Hon. J. E. Rizer, Judge.*

Mr. John T. Bottom, for plaintiff in error.

Messrs. Hindry, Friedman & Brewster, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

This suit was brought to compel specific performance of an alleged contract to sell certain real property belonging to an estate of which defendant was executrix. Defendant denied liability under the contract, and set up a counterclaim for $500.00 and interest. Findings and decree were for defendant, and plaintiff brings the cause here for review on writ of error.

The property in question was part of the estate left by the husband of defendant, and the contract was alleged to have been made with defendant in her capacity as executrix. It appears that the original agreement for the sale of the property was made with the son of defendant, who received a deposit of $10.00 on the purchase price. The plaintiff later gave defendant a check for $500.00, as part

payment, which check was later returned to him and the contract repudiated by her. Plaintiff had collected rents from the property amounting to $500.00 and this is the basis of defendant's counterclaim for that amount.

According to the agreement, the purchase price of the property was to be $5,000. There was testimony pending to show that its real value was from $7,500 to $10,000, and that plaintiff himself had, shortly before he entered into the contract in question, offered $7,500.00 and then $8,500.00 for the land. Its actual value was in sharp dispute, as was the question whether the contract of sale as made with the son of defendant was ever ratified by defendant herself. It is claimed by defendant that at the time or shortly before she received the $500.00 check from the defendant he misrepresented the physical condition and the value of the property to her in order to induce her to go forward with the transaction; that she was unaccustomed to dealing in land, knew nothing of business, and that as soon as she discovered the facts she returned the check and refused to make the sale.

It is undisputed that the property yields in rentals an annual income of twenty-four per cent on the contract price. There was no satisfactory showing made that there was any great likelihood of a material decrease in this amount of income. While it is true, as urged by plaintiff, that mere inadequacy of consideration is not of itself sufficient to prevent specific performance, it is equally true that plaintiff must not only show a legal right to have the contract enforced, but must also show that such enforcement will work no injustice to defendant. This is a matter to be determined from the evidence. The controlling questions were all of fact. As the trial was to the court, the findings of the trial judge must be taken as conclusive. As was said in *Gwinn v. Butler,* 17 Colo. 114, at page 118, 28 Pac. 468:

"It is unnecessary to discuss at length either the direct evidence or the facts and circumstances bearing upon the

alleged fraudulent intent or insolvency of Mr. Gwynn. The trial was to the court without a jury. The court, therefore, was the judge not only of the credibility of the witnesses and of the weight of the evidence, but of the inferences properly deducible from the facts and circumstances as proved."

There is, however, another reason why the findings and decree should not be disturbed and specific performance ordered. This is that defendant cannot, as executrix, lawfully convey the property belonging to the estate of decedent except upon confirmation of the sale by the County Court. The will under which she was named as executrix provides for the sale of the property devised thereunder, only as follows:

"7. I give to my executrix and said trustee under the provisions of this my last will and testament, and to her successor or successors, full power and authority to sell at public or private sale, all the profits, real, personal and mixed hereby devised and bequeathed, or heretofore conveyed, transferred and delivered to and held by them or any of them under the trusts herein created, upon such terms, in such lots and parcels and at such prices, and at such times as to her or her successor or successors shall seem meet and proper subject to an order or provision first being had of the Probate Court of the County of Arapahoe and the State of Colorado, and to make, execute and deliver all necessary deeds and conveyances therefor. * * *"

This paragraph clearly provides that no property belonging to the estate can be alienated without the consent of the County Court being first had and obtained. It is admitted that none of the provisions of the Session Laws of 1915, which were in force at the time of the attempted purchase and sale, were either directly or indirectly complied with. It is impossible, therefore, for defendant to legally perform the contract.

Error is assigned and vigorously urged upon the refusal of the court to grant a motion for a new trial, based, among

other grounds, upon newly discovered evidence. This new evidence tends to show that defendant did authorize her son to act as her agent in selling the property to plaintiff; and also that the price agreed upon was a fair price for the property. This proposed testimony was cumulative merely. Neither is there any sufficient showing that the testimony relative to the value of the property could not have been adduced at the trial. In any event for the reasons announced the newly discovered evidence should not result in a different finding and decree, and the denial of a new trial on those grounds was not error.

The judgment of the trial court should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.