No. 12,353.

WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK *v.* SCHURICHT.

Decided July 1, 1929.

Mr. S. M. TRUE, for plaintiff in error.

Messrs. PELTON & CHUTKOW, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

JUNE 3, 1927, defendant, the Westchester Fire Insurance Company, insured the plaintiff Schuricht, a farmer in Yuma county, against loss or damage by hail to his growing crops. On June 17 following plaintiff suffered a loss of $650 by hail upon his wheat, which loss was adjusted by the defendant and paid to the plaintiff on June 24. On June 30 plaintiff suffered a total loss by hail to his crops to the extent of $850, which the defendant company refused to pay, and the plaintiff brought this action to recover the same. Trial was to the court before a jury and the jury found for the plaintiff, in the amount claimed, upon which the court entered judgment against defendant, which is here with its writ of error.

When the case was called for trial it was agreed in open court by counsel that there was but one issue involved in the case and this issue was, whether or not the policy of insurance was canceled at the time of the adjustment under the first loss on June 17. If the policy was in force, the verdict of the jury cannot be disturbed; if, as the defendant says, it was canceled and not at the time of the second loss in existence as a valid instrument, the judgment was wrong and it should be set aside.

The defendant alleged affirmatively in its answer that, when the adjustment was made to determine the amount of plaintiff's damage resulting from the first hail, the plaintiff agreed that his policy should be canceled on receipt of the payment by the defendant to him of the $650, which he claimed as the measure of his loss. The defendant relies upon the so-called adjustment proof of loss, which is a printed blank of the company in which the adjustment agreement is set forth. The filling in of the necessary dates, figures and the amount of the loss is in pencil and was written by the adjusting agent of the

defendant. In this instrument was inserted in pencil the following language: "In consideration of this company paying me $650 I hereby cancel my policy No. 9133." The writing was signed both by the claimant plaintiff and by Carlos, the defendant's adjuster. As stated, the sole issue submitted to the jury by the parties themselves was whether or not the policy was in force at the time of the second loss on June 30. Defendant's adjuster and the driver of his car testified, in effect, that the quoted language was inserted in the writing before it was signed by the plaintiff and embodied the oral agreement which the parties made as a part of the adjustment. The plaintiff testifies, on the contrary, that after the adjuster prepared this paper and handed it to him he read the same and there was no such language therein at the time he affixed his signature and not a word was spoken about a cancellation. The policy of insurance at the time of the adjustment was not in plaintiff's possession at his farm, but was in a bank in a town nearby. It was never surrendered to the defendant. The quoted language, it will be observed, gives the number of the policy. The policy at the time was not in possession of either party and the number nowhere appears either in the proof of loss or in any other paper or document in evidence. It is singular, and might have been so considered by the jury, that the number of this policy was written into the adjustment agreement when neither of the parties at the time had access to the policy. To say the least, the jury might have inferred, and properly, that this quoted language was inserted by the adjuster after the instrument was signed and he then had access to the files which showed the number of the policy. Besides, speaking generally, the insurer, not the insured, is the one who cancels a policy. The insured may surrender his rights thereunder, and then the insurer may cancel the instrument.

Another circumstance that the jury might well consider is that this policy covered a period of time from June 3 to August 15, 1927. The premium which the plain-

232

tiff was required to pay amounted to $210. If the policy was, as defendant claims, canceled on June 24, in the natural course of things there would be a refund of a portion of the premium, but there was no return by the defendant of any part thereof.

The general rule of appellate tribunals is peculiarly applicable here. The sole issue submitted to, and determined by, the jury was whether the insurance policy was in force at the time of the second loss. The jury found that it was and the trial court approved its finding. The evidence before the jury justified the verdict. The witnesses were before the jury and they, as well as the trial court, which approved of the verdict, were better able than we are to pass upon their credibility. This evidence and the legitimate inferences therefrom forbid this court from disturbing the judgment, which is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.