No. 19,348.

ANDERSEN-RANDOLPH CO., INC. *v.* SAM T. TAYLOR.
(361 P. [2d] 142)

Decided April 10, 1961.   Rehearing denied May 1, 1961.

Mr. ERNEST U. SANDOVAL, for plaintiff in error.

Defendent in error, pro se.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THE parties appeared in reverse order in the trial court and will hereafter be referred to as they there appeared or by name.

In his complaint plaintiff alleged that on or about April 8, 1958, defendant agreed to purchase 20,000 shares of stock of Wyoming Oil of Colorado from plaintiff for an agreed price of $350.00, and that defendant has failed to

pay said sum even though due and owing plaintiff. By answer defendant denied all allegations of the complaint and by way of counterclaim alleged that plaintiff agreed to sell defendant 20,000 shares of stock but delivered only 2,000 shares, with the result that defendant was forced to buy 18,000 shares on the market at a cost of $247.60, for which amount it seeks judgment.

Upon trial to the court judgment was entered for plaintiff and against defendant for $349.40 and costs and defendant's counterclaim was dismissed. Defendant now seeks reversal of the judgment by writ of error.

At the trial the *only* witness called was plaintiff, who testified substantially as follows: (1) that he informed an agent or representative of defendant that he (Taylor) had 20,000 shares of Wyoming Oil of Colorado for sale and inquired as to what defendant would offer for said stock; (2) that he informed defendant's agent that Wyoming Oil of Colorado had merged with Wyoming Oil of Delaware, but that he had never surrendered his 20,000 shares of Wyoming Oil of Colorado and in exchange therefor received stock of Wyoming Oil of Delaware; (3) that within a few days thereafter defendant offered plaintiff $350.00 for his 20,000 shares of Wyoming Oil of Colorado; (4) that plaintiff accepted this offer and pursuant to this understanding endorsed the certificate for 20,000 shares of stock and delivered the same to defendant, who upon receipt thereof issued its written confirmation that it had purchased the stock for $350.00 from plaintiff; and (5) that defendant has never returned the stock in question and refuses to pay the agreed price of $350.00.

On cross-examination Taylor admitted that shortly after he delivered the stock to the defendant the defendant advised him it had bought additional stock in Wyoming Oil of Delaware and intended to hold plaintiff for the cost thereof, but that he never authorized such and that he "objected very strongly and vociferously by letter."

■ As was mentioned, supra, the plaintiff was the only witness and defendant called *no* witnesses. In this state of the record the trial court in written findings held "* * * that the plaintiff delivered 20,000 shares of stock in Wyoming Oil and asked the defendant to make an offer thereon. That defendant at some time later, perhaps a few hours or a few days, purchased the stock for the sum of $350.00, less tax, for a net of $349.40. The court finds this was a bona fide transaction; that plaintiff practiced no deceit or overreaching; that defendant investigated or had ample opportunity to investigate the value of the stock, and after such investigation or reasonable opportunity to investigate, the defendant purchased said stock for the sum indicated above * * * the defendant adduced no evidence and therefore did not sustain its counter-claim. * * *"

■ Disposition of defendant's several contentions turns upon a determination of whether there is competent evidence to support the findings of the trial court and the judgment entered pursuant thereto. If sufficient, competent evidence appears in the record to support the trial court's findings and judgment then defendant's contentions are without merit, since all relate to the effect of, and interpretation to be given to, plaintiff's testimony. It is axiomatic that findings of a trial court sitting without a jury are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them. See *Allen v. Elrick,* 29 Colo. 118, 66 Pac. 891; *Cooper v. Shannon,* 36 Colo. 98, 85 Pac. 175; *McDermott v. Lindquist,* 66 Colo. 88, 179 Pac. 147; *Possell v. Smith,* 39 Colo. 127, 88 Pac. 1064; and *Westchester Fire Insurance Company of New York v. Schuricht,* 86 Colo. 229, 279 Pac. 719.

A careful review of the record persuades us that the trial court was fully justified in finding as it did and the judgment is accordingly affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.