No. 20469.

CECILY GRUMBINE *v.* MARVIN G. REYNOLDS.
(395 P.2d 10)

Decided August 31, 1964.

Mr. RUPERT M. RYAN, Mr. JAMES G. MARTIN, Mr. GEORGE C. POMAINVILLE, for plaintiff in error.

Mr. LEE J. WEST, Mr. WILLIAM L. WEST, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action is here on writ of error to review a judgment of the district court of Weld county entered in an action to foreclose a lien for labor and material allegedly furnished in the alteration and remodelling of a dwelling owned and occupied by plaintiff in error. We will refer to the parties by name.

Reynolds, a building contractor, entered into an agreement with Grumbine under which he undertook to build certain improvements on the premises of the latter. He alleged that pursuant to that agreement he furnished materials and performed labor, and that the sum of $10,560.67 was due and payable on account thereof. A statement of lien was filed in apt time and a foreclosure was sought.

In the answer filed by Grumbine, she admitted that Reynolds "furnished matérials for and used in the alteration, construction and improvement" of real estate owned by her, "all pursuant to an agreement" which she had with Reynolds. She denied being indebted to him. Affirmatively she alleged that Reynolds failed to complete the work within the time agreed upon; that he failed to "perform construction in the manner agreed upon, omitted items agreed upon, made substitutions of materials, equipment and design" without her approval; and that he "did shoddy and inferior work, and damaged existing equipment and improvements" on her property. She sought judgment in the amount of $10,000.00 on her counterclaim.

The trial court entered detailed findings from which we quote the following:

"* * * that the plaintiff agreed to construct an addition to the residence of the defendant for the sum of $10,521.17; that the contract work was entered into and that the defendant attempted to terminate the contract and did prevent the plaintiff from completing the contract; that the defendant was not justified in terminating the contract and preventing the plaintiff from completing the contract; that the defendant should be given

an allowance against the contract price for the amount necessary to complete the contract and also to allow for correction of two building code violations; that the amount which should be allowed to defendant is $910.88; and the court further finds that plaintiff furnished a storm door to defendant and that he has not been paid therefor and that he is entitled to recover $39.00; the court further finds that the plaintiff has a valid lien upon the premises described in the complaint for the amount due him and the court concludes that plaintiff is entitled to judgment in the amount of $9649.29, to interest from January 26, 1962, and to a decree foreclosing his lien."

██ All the issues framed by the pleadings were resolved by the trial court, and the findings of fact have ample support in the evidence.

"It is axiomatic that findings of a trial court sitting without a jury are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them."

*Andersen-Randolph v. Taylor,* 146 Colo. 170, 361 P.2d 142.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.