No. 20731.

GEORGE DEMOS *v.* THOMAS F. SCARRY.

(400 P.2d 194)

Decided March 22, 1965.

GEORGE J. FRANCIS, for plaintiff in error.

ARTHUR W. ZARLENGO, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SCHAUER.

SCARRY, plaintiff in the trial court, brought an action against Demos, defendant in the trial court, alleging that while plaintiff was a customer in defendant's public restaurant, he, the defendant, without probable or reasonable cause, perpetrated a brutal, violent and vicious assault and attack upon plaintiff, causing injury for which plaintiff prayed for actual and exemplary damages. The defendant failed to respond to service of process, whereupon default judgment was entered against defendant in the amount of $537.00. Thereafter, defendant filed an answer of general denial together with an affirmative defense, charging that plaintiff entered the premises in a drunken condition, became generally disorderly and was removed with reasonable force. Subsequently, the trial court ordered issuance of a citation to the sheriff to be served upon the defendant pursuant to Rule 69(d), R.C.P. Colo. A hearing before the court resulted in an order setting aside the default judgment, dispensing with a pre-trial hearing and setting the matter for trial.

The matter was tried before the court sitting without a jury; the jury having been waived by consent of both parties. The court found in favor of the plaintiff and against defendant, and entered judgment in the sum of $523.27, actual damages, with interest and costs. It awarded plaintiff nothing for punitive damages. The necessity for filing a motion for new trial was dispensed with.

The defendant brought the matter here on writ of error, asserting:

"A. The court was in error in finding on behalf of the plaintiff, since the defendant was entitled to evict the plaintiff and used reasonable force in so doing."

"B. The trial court was in error in awarding excessive damages."

We disagree with both of the assertions of the plaintiff in error and affirm the ruling of the trial court.

The record reflects a conflict in the evidence on the issue whether the force used by the defendant was reasonable or unreasonable, under the circumstances then existing. The trial court found:

"* * * the force used * * * was not reasonably necessary to accomplish the purpose of getting the man out of the place of business and ending a disturbance."

Plaintiff in error states in his brief:

"* * * If one has reasonable ground to believe that the party assaulted is acting in such a way that injury may result, then in such event the defendant may justifiably assault the plaintiff. * * *."

This statement of the law is quoted from *Mooney v. Carter,* 114 Colo. 267, 160 P.2d 390. However, the case at bar was determined by the trier of facts on the issue of reasonable force. It is fundamental that the findings of the trial court need not and should not be disturbed where there is sufficient competent evidence to sustain them. An examination of the record leads this court to the conclusion that the evidence supports the trial court's findings. There was serious dispute in the evidence as testified to by the parties and the eye witnesses at the scene of the altercation. There is evidence in the record that the wife of the defendant mistakenly accused the plaintiff of being drunk and refused to serve him coffee as requested, whereupon the plaintiff became emotional and the defendant's wife became hysterical. The defendant thereafter did assail and forcibly eject the plaintiff from the premises with sufficient force to cause the plaintiff to suffer the injuries as alleged.

The trial court was obligated to consider all of the circumstances surrounding the incident, one of which was the fact that the plaintiff was a small, sixty-two

year old man, weighing one hundred and twenty-seven pounds, five feet two inches tall, who suffered physical disabilities including a speech defect of long duration caused by rheumatic fever and multiple sclerosis. Moreover, the uncontroverted testimony was that the plaintiff was not intoxicated, as accused, and that the defendant apparently used excessive force immediately upon approaching the plaintiff, without any resistance from the plaintiff. In fact, the record clearly reflects that the plaintiff was quite incapable of exerting physical resistance even if he would have had the desire or opportunity.

Similar reasoning also disposes of the issue of excessive damages. The trial court had ample opportunity to observe the parties involved and from such observation, together with the evidence presented, was afforded the opportunity to assess appropriate damages. Evidence of bleeding from the head, ear injury requiring treatment, severe recurring pains, indignity of being labeled a drunk, and forcible eviction in the presence of others may surely have given cause for the trial court to award the damages in the sum of $500.00, plus actual costs of $23.27. This finding is especially significant in view of the uncontradicted testimony that the defendant in error was a victim of serious physical handicap giving rise to a speech defect and nervous gesture over which he had no control.

The facts surrounding the fracas were sufficiently in dispute so that reasonable men might reach different conclusions; therefore, this court has no cause to disturb the findings of the trier of the facts. In *Andersen-Randolph v Taylor*, 146 Colo. 170, 361 P.2d 142, this court held:

"* * * It is axiomatic that findings of a trial court sitting without a jury are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them. * * *."

This quotation is uniquely apropos to both assertions of error by the plaintiff in error.

Accordingly, the judgment of the trial court is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.