Opinion by
Mr. Justice Sutton.
This is an action for a real estate broker’s commission based upon an alleged listing agreement. We shall refer to the parties by name.
B. O. Stavely, the broker and plaintiff in the trial court, stopped at Glenn Johnson’s farm in Lincoln County, Colorado, in January 1962. Stavely contends that he sought a listing to sell the property; that no contract was then made; that Johnson thereafter sent him a letter with a separate sheet of paper itemizing the necessary data for a listing; that he later took a salesman to the farm and the listing was confirmed at that time both orally and by some notes his salesman made on a pocket card which was not available at the trial.
This dispute arose because, thereafter, Stavely and his salesman procured a purchaser for the farm and Johnson refused to complete a sale and has refused to pay the 5% realtor’s commission of $5,280.00 alleged to be due.
Johnson successfully contended in the trial court that Stavely merely wanted the data furnished for his Realty Office file in case Johnson ever decided to sell; that his acts were not a listing; that he was not the sole owner, so could not list it for sale; and, that no listing contract was ever orally agreed to or signed. Admittedly, he showed the farm to Stavely and later to the latter and his salesman; and, still later, he showed the prospective *58 purchasers around when they were brought out to the farm by Stavely.
It is contended that the trial court erred in holding against Stavely in three particulars. We need, however, only consider the first ground since if Stavely fails there, the other two points are immaterial. Thus, the first and determinative issue to be decided here is did the trial court err in finding that there was no listing agreement between the parties?
This question is answered in the negative.
An examination of the record discloses material conflicts in the evidence as to the key issue. We agree with the trial court that the list furnished to Stavely was not a written listing agreement. The oral testimony as to the purpose of the information jotted down by Johnson on the sheet of paper and sent to Stavely was necessary to explain what it was. Admittedly, the testimony was in sharp conflict and had to be resolved by the trier of the facts.
Here the trial court chose to believe Johnson’s version of the events to the effect that the parties did not mean to create — nor had they created — a listing at the time in question. This, of course, meant that Johnson then had the privilege of refusing to accept the offer to purchase tendered by Stavely on behalf of his client. It therefore follows that no commission is due. Suitable findings based upon the evidence were made and judgment in accordance therewith was entered in favor of the defendant.
There being adequate evidence to support the findings and judgment of the trial court, we must affirm. Andersen-Randolph Co., Inc., v. Sam T. Taylor, 146 Colo. 170, 361 P.2d 142 (1961); Lois Brewer v. D. Meredith Williams, 147 Colo. 146, 362 P.2d 1033 (1961).
Affirmed.
Mr. Justice Frantz and Mr. Justice Schauer concur.