No. 22314.

GEORGE COON *v.* SAL D. GUIDO.

(459 P.2d 282)

Decided October 6, 1969.

KENNETH C. SCHOEN, for plaintiff in error.

JAMES E. SMITH, ROBERT L. HERTZMAN, OTT and CASKINS, WILLIAM J. CASKINS, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

SAL D. GUIDO, defendant in error, recovered judgment against George Coon, plaintiff in error, on two of four claims for services rendered to Coon and to various entities with which he was associated. The cause is here on writ of error challenging the judgment of the trial court. The parties will be referred to by name or as they appeared in the trial court.

Several associates of Coon were named as parties defendant in the complaint, but they were either dropped by agreement or were treated favorably in the final disposition by the court. Their participation in the controversy between the plaintiff and the defendant will be discussed only to the extent necessary to furnish the basic background for the disposition of one of the issues.

Although Coon has listed four separate assignments of error, for purposes of consideration we will treat them as falling into two categories. Three assignments challenge the weight and sufficiency of the evidence and will be treated collectively. The fourth assignment of error arises out of an amendment to one claim of the complaint which the court allowed, over the defendant's objection, at the start of the trial. The error charges the court with an abuse of discretion in allowing the amendment.

I.

 There is no merit to the claim that the evidence was insufficient to sustain the findings of the trial court. A detailed review and analysis of the evidence would serve no useful purpose. Consequently, it will not be undertaken. Suffice it to say, the record discloses that there was sufficient, competent documentary evidence and testimony offered by the plaintiff, if believed by the trial court, to establish his claim and support the judgment. A recent reiteration of the rule appears in *Andersen-Randolph Co., Inc. v. Taylor,* 146 Colo. 170, 361 P.2d 142:

"* * * It is axiomatic that findings of a trial court sitting without a jury are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them. [Citing authorities]."

II.

In his brief the defendant, in support of his contention that the trial court erred in permitting the plaintiff to amend his third claim for relief, maintains,

"* * * By so permitting this amendment the court allowed plaintiff to completely change * * * [his] theory of * * * [his] case. * * * [A]nd at no time prior to the trial was the defendant put on notice of the possibility that such motion to amend a claim for relief would be made. There is nothing in the pre-trial order nor in the pleadings to indicate such possibility. * * * [B]ut in this case, the court was * * * permitting the plaintiff at the

very commencement of trial and when the defendant was unable to prepare any defense to completely change * * * [his] theory of * * * [his] case and ignore all pretrial orders and pleadings which were designed to determine the issues and theory of the case before trial. The defendant was put to a complete surprise * * *."

■ The plaintiff's motion to amend was made pursuant to R.C.P. Colo. 15(a), which, so far as it is relevant to the posture of the case when the amendment was made, provides that,

"* * * a party may amend his pleading only by leave of court * * *; and leave shall be freely given when justice so requires * * *."

To answer the defendant's claim requires an examination of the circumstances — the pleadings and the pretrial order in particular — alluded to in the above quotation from his brief.

The plaintiff, in the several claims of his complaint, sought recovery from both the corporation and from Coon and Rose, a codefendant. Rose, in his responsive pleading, cross-claimed against Coon, alleging that Coon in an agreement for the purchase of Rose's interest in the defendant corporation, Malco Wiping Cloth Co., Inc., not only undertook to hold Rose harmless for any of the corporate debts, but that he had agreed to pay those debts. In short, Rose, in his cross-claim, alleged that *creditors* were to look to Coon for satisfaction of any corporate debts. Guido, *a creditor,* in the challenged amendment, adopted Rose's theory of liability. The defendant, nevertheless, claims *surprise.*

The further examination of the record discloses that over five months before the trial, shortly after Rose's cross-claim was filed, a pretrial order was entered over the signatures of all the attorneys connected with the case at that time, including counsel for Coon. In the pretrial order, under the heading CONTESTED ISSUES OF FACT, was the following:

"What are the facts and law in which George Coon

would be responsible for the corporation's debt to plaintiff, as alleged."

As previously noted, Richard Rose cross-claimed against Coon on the basis of the terms of the alleged indemnification agreement. At the time the court granted plaintiff's motion to amend his complaint, the cross-claim had not been dismissed. Since Coon's alleged agreement to pay the debts of Malco Wiping Cloth Co., Inc., at least those for which Rose might conceivably be liable, was still an issue, and since Coon was the president and principal stockholder and had denied any agreement to indemnify Rose or to assume any corporate debts, it is difficult to understand how the adoption of such a theory of liability when adopted by a creditor could either surprise or prejudice the defendant. In this connection it is especially noted that defendant did not request a continuance when the amendment was granted. On the contrary, in connection with the motion for new trial counsel admitted: "In other words, while it was somewhat of a surprise, it was not to the extent we felt that we could not proceed."

It is implicit in the language of Rule 15(a), quoted above, that the granting of leave to amend a pleading after a responsive pleading thereto has been filed is within the discretion of the trial judge. And the rule admonishes him that "leave shall be freely given when justice so requires." We cannot say that the trial judge abused his discretion under the circumstances of this case. See, *Palmer Park Gardens, Inc. v. Potter*, 162 Colo. 178, 425 P.2d 268; *Flanders v. Kochenberger*, 118 Colo. 104, 193 P.2d 281; *Fedderson v. Goode*, 112 Colo. 38, 145 P.2d 981.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.