499 P.2d 639 (1972)
Wayne BAMFORD, Plaintiff-Appellee,
v.
Wiley COPE and Jack D. Richardson, individually, and d/b/a Three Rivers Ranch, a partnership, Defendants,
Jack D. Richardson, Defendant-Appellant.
No. 71-009.
Colorado Court of Appeals, Div. I.
July 18, 1972.
*640 Kokish, Garner, Bender & Wood, John Kokish, Denver, for plaintiff-appellee.
Koeberle & Brenker, Theodore P. Koeberle, Boulder, for defendant-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff Bamford brought this action to recover a commission alleged to be due him under an oral contract entered into with the defendant Cope. He alleged that Cope and defendant Richardson were partners, and that the contract was entered into by Cope with full knowledge and authority of Richardson. Under the contract, Bamford, as a mortgage finance broker, was to aid in obtaining a loan to refinance the Three Rivers Ranch in Jackson County, Colorado, owned by the defendants. For these services he was to receive a commission of one percent of the amount of the loan. The complaint further alleged that an $840,000 loan was obtained as a result of Bamford's efforts, and prayed for judgment of $8,400.
*641 Defendants admitted receiving the loan and denied all the other allegations of the complaint. Their answer affirmatively asserted that Bamford had waived, or was estopped from asserting, his right to a commission.
After a trial to the court, judgment was entered in favor of Bamford against both defendants in the amount prayed for. Defendant Richardson, alone, appeals from that judgment. We affirm.
Richardson asserts four grounds for reversal: First, that the judgment is not supported by the evidence in that the evidence failed to show any contract for compensable services, or to show that plaintiff's efforts were the efficient cause of obtaining the loan, or to show that the agreement by Cope was authorized by the partnership; second, that plaintiff was barred from recovery because he had no real estate broker's license; third, that the commission charged was unconscionable in the light of services performed; and fourth, that the court erred in denying a motion for change of venue, in permitting an amendment to the caption of the complaint, and in failing to make adequate findings of fact and conclusions of law.

I
Cope failed to attend the trial although he was represented by counsel. Bamford testified as to the circumstances under which he and Cope entered into the contract, and to the terms of the agreement. This testimony was undisputed. Bamford also testified as to the acts performed by him in contacting the agent of the insurance company which made the loan. This testimony was corroborated by the insurance company agent. This evidence was also uncontroverted.
Richardson admitted that he and Cope were partners and did not deny that Cope had authority to act for the partnership. He testified, however, that he had been in contact with another agent of the insurance company and claimed that it was through this contact that the loan was obtained.
The trial court found that a contract had been entered into between Bamford and Cope, that Cope had agreed to a commission of one percent of the amount of the loan, that Bamford had performed the services required under the contract, that these services initiated the procedure which resulted in the loan's being made, that Cope had the apparent authority to make the contract and that his actions were binding on Cope's partner, Richardson. The court further found that the loan resulted from Bamford's efforts, and not from Richardson's contact with the other agent. The court concluded that Bamford was entitled to judgment in accordance with the terms of the contract.
The findings of the trial court are all supported by the evidence and will not be disturbed. Coon v. Guido, 170 Colo. 125, 459 P.2d 282.

II
Richardson's claim that Bamford is not entitled to recover because he did not have a real estate broker's license is without merit. The statute then in effect, C.R.S. 1963, 117-1-1, made it unlawful to engage in the business of real estate broker or salesman without having first obtained a license from the secretary of state. 1965 Perm.Supp., C.R.S.1963, 117-1-2, defines a real estate broker as one who, in consideration of compensation performs any of the following acts, inter alia, "Selling, exchanging, buying, renting, or leasing real estate, or interest therein, or improvements affixed thereon; . . . ."
Richardson contends that arranging for a loan which is secured by a deed of trust on real property involves a transaction which is an exchange of "an interest" in real estate. We do not agree. The placing of a lien against the property does not constitute a sale or exchange, as those terms are used in the above statute. Our Supreme Court has held that the provisions of the real estate broker's licensing statute *642 are not to be extended by implication. Cary v. Borden Co., 153 Colo. 344, 386 P. 2d 585.
The fact that many real estate brokers perform services similar to those performed here, does not mean that only licensed real estate brokers can perform such services.

III
Richardson claims that the fee was unreasonable in the light of the few hours time spent by Bamford in performing his services. A qualified witness testified that a fee of one percent was a reasonable fee for this type and size of loan. This testimony was unrefuted. In addition the contract provided for the fee allowed.
Where, as here, the fee is contingent upon the result achieved, the broker is entitled to receive the fee agreed upon regardless of the amount of time spent. See Consolidated Oil and Gas, Inc. v. Roberts, 162 Colo. 149, 425 P.2d 282. The trial court did not err in awarding the fee agreed upon.

IV
Denial of the motion for change of venue was not error. The complaint alleged that the contract was entered into, and that payment of the fee was to be made, in Denver. Under C.R.C.P. 98(c) the action was properly tried in Denver.
As originally filed the caption of the complaint listed Cope and Richardson as defendants. The complaint alleged the two defendants were partners. Prior to trial, plaintiff moved to amend the caption so that the defendants would read, "Wiley Cope and Jack D. Richardson, individually and d/b/a Three Rivers Ranch, a partnership." After the trial, in which Richardson admitted the partnership, the court granted the amendment. This action was proper. C.R.C.P. 15(b).
The findings of fact and conclusions of law announced from the bench fully complied with C.R.C.P. 52(a).
Judgment affirmed.
DWYER and ENOCH, JJ., concur.