## Darlington *v.* Bucks County Public Service Co., Appellant.

Argued January 20, 1931. Before WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*John P. Connelly,* with him *Webster S. Achey,* for appellant.——Where gas is alleged to have escaped from a main in a street adjacent to a greenhouse and the quantity of gas alleged to have caused the damages was so slight that it was impossible to detect the same by any human agency, the plaintiff is not entitled to recover damages for injuries to flowers in a greenhouse: Strawbridge v. Phila., 2 Pennypacker 419; Morgan v. U. G. I. Co., 214 Pa. 109; Windish v. Peoples Nat. Gas Co., 248 Pa. 236; Hartman v. Nat. Gas Co., 210 Pa. 19; Koelsch v. Phila. Co., 152 Pa. 355.

A gas company, where a proper system of inspection of its main has been maintained, and without having had either actual or constructive notice of a leak, and when its attention was directed to a leak and the same was

promptly repaired, is not liable for damages to flowers in a greenhouse: Morgan v. U. G. I. Co., 214 Pa. 109; Smith v. Gas Co., 248 Pa. 246; Windish v. Gas Co., 248 Pa. 236; Dress v. Harrisburg, 287 Pa. 157.

A plaintiff is not entitled to recover, where for a number of years he makes no effort to correct injuries to flowers where the same is apparent to any amount of ordinary sense: Stoner v. Fuel Supply Co., 40 Pa. Superior Ct. 599; Hartman v. Gas Co., 210 Pa. 19.

*Thomas Ross,* for appellee.—Ordinary skill and skill in its management are said to be terms which exact a degree of vigilance and technical knowledge in proportion to the dangerous character of the substance in which they deal and according to the circumstances of each case: Kingan v. Light Co., 287 Pa. 280; Lynch v. L., H. & P. Co., 268 Pa. 337; Alexander v. Light Co., 209 Pa. 571; Delahunt v. United, etc., Co., 215 Pa. 241; Koelsch v. Phila., 152 Pa. 355; Ryan v. Granite Co., 266 Pa. 105; Booth v. Dorsey, 208 Pa. 276; Hartman v. Gas Co., 210 Pa. 19; Derrick v. Electric Co., 268 Pa. 136; Lawrence v. Scranton City, 284 Pa. 215; Prichard v. Gas Co., 2 Pa. Superior Ct. 179; Shirey v. Gas Co., 215 Pa. 399.

Notice is not necessary.

Recovery may be had notwithstanding uncertainty as to amount of damages.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1931:

This is an action of trespass to recover damages for the injury to and destruction of plants in plaintiffs' greenhouses due to the presence therein of illuminating gas which had escaped from defendant's pipes laid in the bed of a street on which the greenhouses were located. The case has been tried twice, resulting on the first trial in a verdict for plaintiff for $40,000, and on the second, the record of which we are reviewing on defendant's appeal, for $4,966.88.

Appellant in its printed brief states that it does not ask a new trial. If it did, there would be serious questions presented on the measure of damages and in the evidence adduced to sustain them. We are satisfied that certain elements of damage were sufficiently shown, notably, those relating to the destruction of carnations, and, therefore, judgment cannot be entered for defendant. Nor could we either ourselves or by direction to the trial court cut down the verdict, the defendant standing, as it does, to the sole position that judgment should be entered in its favor. We gravely doubt, however, that all damages allowed were legally proved.

On the main question, that of defendant's negligence, there was sufficient evidence to carry the case to the jury and to warrant recovery. Very briefly summed up it amounted to this: The gas main in question was laid in the street more than forty years before the injuries complained of. Some twenty years thereafter a sewer was laid in the highway below the gas main with the main diagonally across it. There was evidence that when the sewer was constructed the soil was not compacted as it had been before and that heavy vehicles passing along the street had a tendency to put strains on the gas pipe. There is no question but that the gas main was broken. When it was dug up, there was a crack completely around its circumference, a broken service connection was also found where the service pipe joined the main. The break in the main was a dark, rusty, reddish brown.

Plaintiffs noticed, prior to the year 1925, that their plants were not maturing properly, particularly in the winter time; from what cause was not ascertained. In the fall of 1925, a peculiar odor, not identified, was noticed in the boiler room. Plaintiff's manager stopped defendant's local agent who was passing the greenhouses and asked him to investigate and see whether the odor was of illuminating gas. This the agent declined to do, giving as the reason that he was pressed for time. A

week or more later, on a second request of the plaintiff's manager, the defendant's agent visited the boiler room, but did not indicate whether he detected the odor of illuminating gas. It was his duty under his employment to repair leaks and to report conditions to the defendant. Persons passing had noticed the smell of illuminating gas on the street near the greenhouses prior to October, 1925. In the following February, on further notice of the smell of gas, the defendant caused bar holes to be driven along the street and found the broken main, a section of which was removed and replaced with a new one. Subsequently leaks were found in the service pipes. This state of facts warranted the court in submitting the question of defendant's negligence and the consequent damages to the jury, at least so far as concerned the carnations alleged to have been destroyed. As to them, the jury found specially, under the trial judge's direction, "Actual damages to carnation plants $1,125......for a period of three months, that is, December, 1925, January, 1926, and February, 1926," which it will be noted was for a period subsequent to the time of actual notice to defendant's agent and shortly before it discovered the break in the main.

Without reviewing the many authorities dealing with proof of negligence in allowing illuminating gas, a dangerous agency, to escape, we think the facts we have epitomized bring the case within the rule laid down in 1 Thompson on Negligence (2d edition), section 720, pages 650-60 (where greenhouse cases are referred to); Koelsch v. Phila. Co., 152 Pa. 355 (here the likelihood of injuries to a gas main from the construction of a near-by sewer in the street is considered); Hartman v. Citizens Natural Gas Co., 210 Pa. 19 (where also the construction of a sewer in the highway entered into the problem of lack of care for the main); and Shirey v. Consumers' Gas Co., 215 Pa. 399.

This brings us to appellant's proposition that there was no proper legal proof of damages and, therefore,

judgment should be entered in its favor non obstante veredicto. If any damages were properly proven, this could not be done: Finley v. P. R. T. Co., 263 Pa. 403; Dalmas v. Kemble, 215 Pa. 410. There was positive testimony of the manager of the greenhouses that carnations had been destroyed and of their value, which he fixed at $1,125. As to this, appellant contends that the testimony discloses that plaintiff was cutting and marketing carnations from these very plants in the year 1926, when it is claimed they were destroyed. There is ground for this position, and, if appellant were asking a new trial, it would be a circumstance making in its favor, but as the contention we are asked to adopt by entering judgment against the verdict is that plaintiff is not entitled to anything, we are unable to so decide, convinced as we are that some damage was established by legal proof. "Where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery. This is particularly true where, the nature of the case, the extent of the injury and the amount of the damage are not capable of exact and accurate proof": 8 R. C. L., section 13, page 441.

As to the carnations destroyed, there was evidence that the repairs to the gas main in February, 1926, were not effective in stopping the gas leaks and that the plants were damaged afterwards in the same manner as before the repairs. There was also evidence if credited by the jury, as it apparently was, that, after the attention of defendant's representative was called to the situation in October, 1925, the plants in the greenhouses were poisoned by the gas, particularly in December, January and February. Defendant's contention that the value claimed and allowed for the carnations was a higher value than plaintiff's testimony showed they were worth does not meet the question it faces on its application for judgment in its favor. To warrant such a disposition

of the case it would have to appear without contradiction that they were not worth anything.

Defendant argues that the amount of gas which escaped from defendant's pipes into the greenhouses was so small as to be inappreciable by human agencies and, therefore, it cannot be held liable for negligence. However the condition may have been prior to October, 1925, after that time there was sufficient to cause it to be brought to the attention of defendant's agent and for it to cause the pipes to be dug up. The verdict confines the damages to a period after October, 1925.

On the record we cannot sustain appellant's position that judgment should be entered in its favor.

Judgment affirmed.