## COMMONWEALTH TRUST CO. OF PITTSBURGH v. RECONSTRUCTION FINANCE CORPORATION.

### No. 3396.

District Court, W. D. Pennsylvania.
·Feb. 21, 1939.

On Reargument June 21, 1939.

plaint fails to state a claim on which relief can be granted; and (2) the defendant, as a corporation organized under the laws of the United States, is not suable in this District on the facts as set forth in the complaint.

Before the effective date of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant filed a motion to transfer the case to the law-side of the court, on the ground that no equitable relief could be granted on the facts alleged in the complaint. Previous to this motion to transfer to the law-side of the court being passed upon, the new Rules of Civil Procedure intervened; and we held in an opinion filed herein on October 27, 1938, 28 F.Supp. 645, that facts presented in the bill of complaint would not justify equitable relief, but that there was no necessity for transfer to the law-side of the court, and that the case would proceed as a civil action under the new rules.

We shall first consider the objection made to the jurisdiction of this court. Defendant contends that as a corporation under the laws of the United States, all of whose capital is owned by the United States, and whose principal office is located in the District of Columbia, it is not suable in this District. These facts appear in the statute creating this corporation. See 15 U.S.C.A. §§ 601, 602.

The general venue statute of the District Court is set forth in 28 U.S.C.A. § 112. This statute provides: "* * * and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *."

Of the exceptions noted in this statute, the only one pertinent to the present case is 28 U.S.C.A. § 116, which confers venue of a local action upon the court within whose district property is located which is sought to be recovered. In our opinion, the facts pleaded would bring this action within the statute. The plaintiff is trustee of the bankrupt estate of the Colonial Iron Company, now being administered in this

Stonecipher & Ralston and Strassburger & McKenna, all of Pittsburgh, Pa., for plaintiff.

Arthur F. McCarthy, of Philadelphia, Pa., and B. F. Madore, of Bedford, Pa., for defendant.

SCHOONMAKER, District Judge.

Defendant has moved to dismiss the action in this case, because: (1) The com-

court. Through the custody of its agent in this District, the defendant is in possession of 4,896.38 tons of pig iron located on land in this District leased to defendant by the Colonial Iron Company. The complaint alleges that the pig iron was transferred to defendant by the Colonial Iron Company, while insolvent, under a secret pledge agreement, as security for a debt contracted at the time the pledge agreement was entered into; that this transfer was fraudulent and void, being intended to give defendant a preference over other creditors of the Colonial Iron Company; that the attempted pledge by the Colonial Iron Company of its future output of pig iron was unauthorized by the laws of Pennsylvania; that the pig iron now in controversy in this suit was not in existence at the time the pledge agreement was made, but was all manufactured subsequent thereto, and is a part of the assets of the bankrupt's estate to which the plaintiff is entitled; that proofs of claim have been filed in the bankruptcy proceeding by creditors whose claims arose subsequently to the date of the execution of the pledge agreement, but prior to the date of the transfer of the pig iron in question to the defendant.

Therefore these facts make it plain that the action is local in its nature, and is for the recovery of specific personal property located in this district. True, the complaint does not say in so many words that plaintiff has made demand on defendant for delivery of this pig iron to plaintiff, and aver the defendant refused to deliver; but this suit is certainly a demand, and the defendant by its defense is certainly resisting the demand.

The facts pleaded, assuming that they are true, presents a case entitling plaintiff to relief, i. e., the return to the plaintiff of the pig iron, or its value.

The defendant contends that this action cannot be considered as a local action for the recovery of personal property, because the plaintiff has not proceeded by the appropriate action of replevin. This position is no longer tenable under the new Rules of Civil Procedure, by which a party may sue on all claims "either legal or equitable or both as he may have against an opposing party," and subject to the proviso that "the court shall grant relief * * * only in accordance with the relative substantive rights of the parties." See Rule 18. Then, too, under Rule 64, either

at the time of the commencement of, or during the course of an action, all remedies provided by state laws for the seizure of property are available. Among the remedies thus available are replevin, which may be proceeded with "regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action." Therefore, it is of no importance at the present time to consider whether the plaintiff's remedy is by replevin, trover, money had and received, or trespass. The real question is whether, under the facts disclosed in the complaint, the plaintiff is entitled to relief. If he is, the court can apply the proper remedy, for Rule 54(c) provides: " * * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The property involved in this law-suit is located in this District. It is in the possession of the defendant through its authorized agent. The plaintiff claims he is entitled to this property. We therefore hold the defendant is suable in this District in an action to recover it. If we find the plaintiff is entitled to it, we may then apply the proper remedy as authorized by the new Federal Rules of Civil Procedure.

As to the other ground of dismissal, i. e., that the complaint fails to state a claim on which relief can be granted, it is without merit. As we have already stated, the complaint states the defendant is in possession of pig iron to which the plaintiff is entitled. It also sets forth the claim of title, which the defendant asserts and avers is fraudulent and void as against the plaintiff.

Assuming all this to be true, the complaint presents a claim on which relief may be granted. We shall not at this time enter into a discussion as to the merits of the plaintiff's claim, believing the defendant may desire to answer the complaint on the merits. We can then pass on the entire controversy.

An order may be submitted denying defendant's motion to dismiss, and allowing defendant ten days in which to file an answer to the complaint.

### On Reargument.

This suit was originally filed in equity on March 28, 1938. The plaintiff, as trus-

tee in bankruptcy of Colonial Iron Company, was seeking to set aside an agreement of April 6, 1937, whereby the bankrupt corporation had pledged and transferred to defendant a quantity of pig iron located in Somerset County in this District, as a pledge for $125,000 advanced by defendant to the bankrupt, on the ground that the pledge-agreement of April 6, 1937, was fraudulent and void as against the creditors of the bankrupt, the agreement not having been recorded in the Prothonotary's Office of Bedford County, Pennsylvania, where said pig iron was located.

On May 2, 1938, the defendant, by its attorneys, appeared in the case and moved to transfer the cause to the law side of the court, because the plaintiff had a plain and adequate remedy at law, asking in its motion that in case the action was transferred to the law side of the court, the defendant be granted leave to object in its answer or other defense, to the jurisdiction of this court to hear and determine the same.

The motion to transfer the case to the law side of the court was heard, but in the meantime the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, had intervened; and in an opinion filed October 27, 1938, 28 F.Supp. 645, this court held that while under the old practice the cause of action was one for the law side of the court and not in equity, yet, under the new rules, such transfer was not necessary and the case would proceed as a civil action under the new rules. Accordingly, this court made an order of November 4, 1938, allowing defendant twenty days to answer the complaint.

■ On November 23, 1938, the defendant filed a motion to dismiss for lack of venue in this District. After hearing the argument of counsel, this court then filed an opinion on February 21, 1939, holding that as this was a local action for the recovery of pig iron, or its value, the venue was properly in this District. The defendant then moved for a reargument of its motion to dismiss, and leave to do so was granted. The plaintiff contends that, as the defendant cannot now have this case transferred to the law side of this court, his reservation of the right to object to the venue in this suit, if it reached the law side of the court, is ineffective. There is merit in this contention. By its very motion to transfer to the law side of the court, the defendant submitted itself to the jurisdiction of this court, and admitted the jurisdiction at least to make the transfer. Having made that motion it could not hold in reservation any right to object to the venue of the suit. Certainly not, if we apply to this suit the new Federal Rules of Civil Procedure, in which we now have but one action where the plaintiff may have such relief as it is entitled to in this case, either legal or equitable.

■ There is every reason to hold jurisdiction in the instant case. The pig iron in controversy is located in this District. The agent of the defendant in charge of the property in question was served in this District, and there has been no motion to set aside such service. This is a bankruptcy case involving property in this District, and, therefore, while a plenary action is necessary, this court still has jurisdiction of the res.

■ While the plaintiff in this case might have a legal remedy, we are not so sure that we were right in our first opinion in stating that the remedy at law precluded plaintiff from having equitable relief. This is certainly a case where equitable relief might be afforded plaintiff in setting aside the transfer of the pig iron by the bankrupt to the defendant, if that transfer is found to be fraudulent, as alleged in the complaint.

■ A remedy at law does not exclude one in equity, unless it is equally prompt and certain, and in other ways efficient, and where equity can give relief, plaintiff ought not to be compelled to speculate on the chance of obtaining relief at law. See American Life Insurance Co. v. Stewart, 300 U.S. 203, 204, 214, 57 S.Ct. 377, 81 L. Ed. 605, 111 A.L.R. 1268.

■■ However, any discussion in the instant case as to whether he should be on the law side or the equity side of the court, would seem to be idle. Under Rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, there is but one form of action known as a "civil action." Substantive rules of law remain unchanged, and there is now but one procedure for their enforcement. The Federal statutes relating to actions brought on the wrong side of the court and to equitable defenses and equitable relief (See 397 and 398 of 28 U.S.C.A.), are superseded, as there is now only a "civil action" in which all relief must be obtained that could formerly

have been secured at "law" or in "equity." If a party wants a jury trial and demands it pursuant to Rule 38, he must be accorded that right, if he was entitled to it at common law, or if it has been granted to him by Federal statute.

Our conclusion is that the defendant cannot set up the distinction between an action at law or in equity to defeat the jurisdiction of this court; and that we will now proceed with the case to determine what, if any, relief, the plaintiff is entitled to. With that in view, we will rescind and vacate our order of November 12, 1938, insofar as it finds that the bill of complaint presents no ground for equitable relief, and deny the defendant's motion to dismiss the action.

Defendant will. be allowed twenty days from the date of the order to answer the complaint.

An order may be submitted accordingly.