**FRASER v. GEIST et al.**

**Civ. No. 721.**

District Court, E. D. Pennsylvania.

April 26, 1940.

Irving H. Kutcher, of Philadelphia, Pa., for plaintiff.

Rutledge Slattery, Joseph A. Slattery, and George Wharton Pepper, all of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

The issue for determination is as to whether or not the plaintiff is entitled to a jury trial as "of right."

Following answer by the defendants to the plaintiff's complaint, the plaintiff filed a demand for a jury trial. The defendants thereupon filed a motion to strike off the demand for a jury trial on the ground that the complaint sets forth a cause of action cognizable only in equity.

The decision as to whether or not the plaintiff is entitled to a jury trial as "of right" must rest upon a prior determination as to whether the action, in its essence, is one at law or in equity. If it is in law, the plaintiff is entitled to a jury trial; otherwise he is not.

Plaintiff's action, it will be noted, is against the executors of Clarence H. Geist, deceased.

The complaint alleges in substance that Geist, a man of considerable wealth, was, during his lifetime, a golf devotee; that the plaintiff was an expert golfer; that in January, 1933, while plaintiff was a senior in high school, that Geist "induced" him to leave school prior to graduation to become his golf companion; that the "inducement" was a promise by Geist, among other things, to "set up a trust fund of at least $100,000 for him (plaintiff) in his (Geist's) will"; that from January, 1933, until the time of Geist's death in June, 1938, that the plaintiff performed his part of the arrangement; that Geist died without making provision in his will for the promised trust fund, and that the executors of his estate have refused to recognize any obligation under the alleged contract.

The bill of complaint prays, inter alia, that defendant-executors be made to perform specifically the aforesaid contract, and that they be decreed either (a) to set up a trust fund in the sum of $100,000 and to pay the income therefrom to the plaintiff during his life, or (b) to pay plaintiff a lump sum in lieu thereof as damages for the decedent's failure to perform the contract. The complaint also prays that a lis pendens issue.

The defendants, in the answer, deny the making of the contract by the decedent.

In support of the motion to strike the demand for a jury trial, defendants contend that the complaint is replete with language disclosing that the plaintiff conceived his case as an equitable one; for example, plaintiff refers to his complaint as a "bill in equity" and his prayers for relief are prefaced with the declaration that he "being without adequate remedy at law prays" and moreover concludes with a general prayer for "further relief as in equity and in justice he shall be entitled."

In reply, plaintiff urges that the only issue to be determined is whether or not the contract was made; if it was, that he is entitled to specific performance or money damages. Further, the plaintiff urges that the prayer for relief is not determinative of the character of the pleading.

It may be stated at this point that the plaintiff's complaint was not only therein described as a "bill in equity" but the complaint itself is a typical bill in equity according to the Pennsylvania practice. Ad-

ditionally, it should be here stated that on plaintiff's motion the complaint was subsequently amended to read "civil action" instead of "bill in equity".

■ The question is an interesting one and apparently the case is de novo. Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, preserves inviolate to the parties the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States. Rule 8(a) permits a complainant to demand relief in the alternative or of several different types. The constitutional guarantee of trial by jury, reiterated by Rule 38, has been viewed as preserving, for this purpose, the distinction between actions at law and suits in equity.

"The distinction still remains between jury actions and non-jury actions; what was, before the adoption of the new rules, an action at law is a jury action, and what was a suit in equity falls into the category of a non-jury action." Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39.

I held in Williams v. Collier, D.C., March 28, 1940, 32 F.Supp. 321, 323, that: "The Rules of Civil Procedure have abolished the distinction in procedure between law and equity. The Rules have not abolished the distinction between legal and equitable remedies. They still remain."

■ It is clear that prior to the new Rules, if plaintiff had sought damages alone, he would have been entitled to a trial by jury as of right; if specific performance alone were sought, the contrary would have been the case. However, under prior practice, it would have been incumbent upon plaintiff to elect between the two; alternative prayers for relief, as permitted by Rule 8(a), would have been impossible. Undoubtedly, the new Rules have a desirable objective in seeking to reduce or to prevent a multiplicity of suits; however, as applied to the instant case, the result has been to create a problem previously non-existent. Where the complaint states one cause of action giving rise to alternative remedies in law or in equity, and where the complainant similarly prays for relief in the alternative, what is the rule as respects the right of trial by jury?

As has already been stated, no decision has been rendered on the point since the new Rules have become effective. Discuss-

ing the possibilities of such a situation, Professor Moore in his admirable work, 3 Moore's Federal Practice, page 3018, stated: "If he (plaintiff) prays for equitable relief and in the alternative for legal relief if the equitable relief is not granted, he should not be entitled to jury since on his preferred theory the case is one for the court."

The provision in Rule 8(a) that "relief in the alternative or of several different types may be demanded" and the further provision in Rule 38(a) that "the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate" make unavailable the test laid down by Professor Moore as a rule of thumb applicable in all cases. In the final analysis, it is not the form of the complaint alone or even the plaintiff's view of the nature of his complaint that is determinative whether an action is, in its essence, one at law or in equity.

In situations such as the instant one, the burden is placed on the court to determine from within the four borders of the complaint whether or not the action is one at law or in equity.

It seems regrettable that Rule 39 as presently phrased precludes a more desirable solution—one in which the court could try the case with a jury and, in the event that equitable relief should be granted, could treat the verdict of the jury as merely advisory; but, in the event that legal relief is appropriate, could treat the jury's verdict as binding.

Rule 39(a) provides: "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

Rule 39(c) provides: "In all actions not triable of right by a jury the court upon motion or its own initiative may try any issue with an advisory jury * * *."

It is thus apparent that Rule 39 makes it incumbent upon the court to decide from the pleadings and prior to trial whether or not the action is one at law or in equity.

Returning then to the only proving ground available—the complaint itself—and compelled to make a decision on the pleadings alone, I am of the opinion that the only relief available to the plaintiff is equitable in nature, and that the action is one in equity and therefore the plaintiff is not entitled to a trial by jury. I premise my conclusion on the fact that the alleged contract, as set forth in paragraph 10 of the complaint, was for the creation by Geist of a trust fund in the sum of $100,000, the income from the trust fund to go to the plaintiff for life.[1]

If the alleged contract was in fact made, the plaintiff is entitled to specific performance of that contract—an equitable remedy—and nothing more.

It is true that where the fact of damage is certain recovery in an action at law will not be denied because such damages may be difficult of ascertainment[2] but uncertainty as to the computation of damages may well make a legal remedy inadequate, thus entitling one to seek the aid of a court of equity in securing specific performance of the contract. See Pomeroy on Specific Performance, 3d Ed. (1926) Sec. 34; Walsh on Equity (1939) Sec. 61.

The alleged contract provided for the creation of a trust fund of $100,000 and the income from that trust fund for life. In fixing damages consideration would have to be given to the life expectancy of the plaintiff, the capitalization of the income from such a trust fund, and the present worth of the income accruable to the plaintiff during his life expectancy, inasmuch as he would be receiving in pre-payment at this time a lump sum of money. Add to this the absolute undetermined na-

---

[1] Paragraph 10 of the complaint reads as follows: "10. That on several occasions subsequent to the 4th day of January, 1933, the said Geist informed complainant and his mother and other persons that he had provided a $100,000. trust fund for complainant and that in the event of his (Geist's) death complainant would have the income from the said trust fund for life."

[2] Darlington v. Bucks County Public Service Co., 303 Pa. 288, 293, 154 A. 501, 503; Oliver v. Autographic Register Co., 126 N.J.Eq. 18, 7 A.2d 797, 801; Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562, 51 S. Ct. 248, 75 L.Ed. 544; Hoffer Oil Corp. v. Carpenter, 10 Cir., 34 F.2d 589, 592.

ture of such a trust fund as called for in the alleged contract—and the possible return from such a trust fund—and the uncertainty attending rendition of a money judgment is tremendously aggravated.

For the reasons stated, the defendant's motion to strike off the plaintiff's demand for a jury trial is granted.

This opinion is concerned only with the plaintiff's demand for trial by jury as "of right".

The plaintiff or defendants may, of course, make application for an "advisory jury" in accordance with Rule 39(c) of the Rules of Civil Procedure.