## MISSOURI PAC. TRANSP. CO. et al. v. GEORGE et al.

### No. 11792.

Circuit Court of Appeals, Eighth Circuit.

Oct. 1, 1940.

Rehearing Denied Oct. 21, 1940.

Dick Holt, of Dallas, Tex. (R. W. Griffith, Jr., of Little Rock, Ark., Lloyd W. Davidson, Jr., of Dallas, Tex., Brickhouse & Brickhouse, of Little Rock, Ark., and McCraw & Holt, of Dallas, Tex., on the brief), for appellants.

J. H. Lookadoo, of Arkadelphia, Ark., (Tom W. Campbell, of Little Rock, Ark., and G. W. Lookadoo, of Arkadelphia, Ark., on the brief), for appellees.

Before Judges SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing the plaintiff's bill of complaint and the bill of intervention of Commercial Casualty and Insurance Company for want of equity and want of merit.

In its second amended bill of complaint the plaintiff alleged that on August 22, 1938, the defendant J. C. George falsely pretended that he was injured by plaintiff's buses in Clark County, Arkansas; that thereafter George brought suit in the state court against plaintiff and recovered judgment for $15,000; and that thereafter plaintiff learned for the first time that George's alleged injury was feigned and that one Claud Denson knew that George had planned to pretend such injury and to make a false claim for damages therefor. An affidavit was obtained from Claud Denson setting out the facts. Based upon such affidavit and other testimony plaintiff moved for a new trial in the state court. Thereupon George and his attorneys conspired to defeat justice by causing Claud Denson falsely to testify on the hearing on the motion for a new trial that he did not hear George plan to simulate the alleged injury; and that to effect the object of the conspiracy the defendants did intimidate Denson falsely to testify at said hearing, with the result that the motion for a new trial was overruled. Notwithstanding the alleged fraud, upon appeal to the Supreme Court of Arkansas the judgment overruling the motion for a new trial was affirmed.

George and his attorneys in the case in the state court are defendants in this suit.

The prayer of the amended bill of complaint is that the defendants be enjoined from collecting the judgment in the state court; and, in the alternative, for damages for $15,000 with interest and costs. The Commercial Casualty and Insurance Company, surety on plaintiff's supersedeas bond in the proceedings on appeal in the state court, intervened and joined in the prayer for an injunction.

The defendants denied all the material allegations of the complaint and alleged that all the matters in respect of the alleged fraudulent conspiracy had been presented to the state court in the motion filed therein for a new trial; that after a fair trial the motion had been overruled; and that by such adjudication the plaintiff is estopped to rely upon the same matters in this case. Defendants prayed that the petition for injunction be denied and for judgment for costs.

Plaintiff demanded a jury trial, which demand was refused, and the case was tried to the court. Findings of fact and conclusions of law were made by the court and judgment entered for defendants.

On this appeal three general grounds for reversal are urged. They are that the court erred (1) in sustaining the plea of res judicata, (2) in denying appellants' motion for a jury trial, and (3) in finding that no fraud was practiced on appellants in the state court proceeding.

Were the judgment appealed from based solely upon the plea of res judicata, it is possible that the court erred. In the view we take of the case it is not necessary to consider that question.

The court did not err in denying a jury trial. The first and principal demand of the plaintiff and of the intervener is for an injunction. The alternative demand is for damages. The right to relief upon both demands depended upon the proof of the fraudulent conspiracy alleged in the complaint. The appellants were not entitled of right to a jury trial on the issue for an injunction. The granting of a jury trial upon an equitable issue is discretionary with the court. Further, the record does not show that the plaintiff served its demand for a jury trial upon the other parties to the suit or that it indorsed such demand upon its pleadings as provided in Rule 38(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, subsection (d) of which rule provides that: "The failure of a party to serve a demand as required by this rule * * * constitutes a waiver * * * of trial by jury."

The controlling question in the case is whether the defendants were guilty of perpetrating the fraud upon the plaintiff alleged in the complaint. In addition to the documentary evidence introduced upon the trial, the court heard and considered the testimony of 18 witnesses. Upon the whole record the court found: "15. And from the testimony of the said eighteen witnesses who have testified before this court in this case the court finds that no fraud was perpetrated by the defendants herein and that the defendants did not intimidate or attempt to intimidate any witness or person in any of the trials in the Circuit Court of Clark County, Arkansas, between the said Missouri Pacific Transportation Company and the said J. C. George and that in the said trials and in the preparation therefor the defendants herein sought only to have all of the witnesses to testify the truth and that the defendants herein have not been guilty of any wrongful or improper conduct what-

soever." And the court concluded that: "3. Upon the facts found by the court from the testimony of the said eighteen witnesses as set out in findings of fact No. 15, herein, the court concludes the law to be that the allegations of the plaintiff's said second amended bill of complaint and the allegations of the intervenor's bill of intervention are without equity or merit and that neither the plaintiff nor the intervenor is entitled to prevent or further hinder the defendants herein from the collection of the judgment recovered by the said J. C. George against the said Missouri Pacific Transportation Company in the Circuit Court of Clark County, Arkansas, and that the said second amended bill of complaint and the said bill of intervention should be dismissed for want of equity and for want of merit."

The findings are based upon conflicting testimony. The appellants' contention is that the quoted finding is not supported by a preponderance of the evidence. We have examined the evidence, and the quoted finding is supported by substantial evidence. It is not, therefore, clearly erroneous. It can not for that reason be set aside by this court. Rule 52(a), Rules of Civil Procedure. The conclusion of the court that the bill is without equity or merit follows. The judgment dismissing the complaint and the petition for intervention must, therefore, be, and it is, affirmed.