**FITZPATRICK et al. v. SUN LIFE ASSUR. CO. OF CANADA.**

No. 464.

District Court, D. New Jersey.

May 21, 1941.

714

Edward Gaulkin, of Newark, N. J., for plaintiffs.

Collins & Corbin, of Jersey City, N. J., for defendant.

SMITH, District Judge.

A motion is made by the defendant to strike a demand for trial by jury filed by the plaintiffs, pursuant to and in accordance with the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 38., The only question presented for determination is whether or not the plaintiffs are entitled to a trial by jury as of right.

The action arises out of contract and is brought by the plaintiffs, as executors of the estate of Ida Moody Palmer, deceased. The complaint, as it now stands, consists of two counts, the first and third, the second having been previously stricken on motion of the defendant. The demand for trial by jury is general.

The first count is predicated upon a breach of contract. It alleges: the execution of an agreement, commonly referred to as an annuity contract; the breach thereof by the defendant; and, the resulting damage. The demand is for money damages. This count presents the counterpart of an action at law.

The third count presents a different situation. It alleges: the execution by the decedent of two documents, each entitled "Request for Change in Annuity"; the surrender and abrogation of the original annuity contract upon which the first count is based; and, the issuance and substitution by the defendant of two annuity contracts (A19834 and A19835) in lieu of the original annuity contract. The said allegations are followed by prayers for relief as follows: that the documents executed by the decedent be rescinded; that the substituted contracts be likewise rescinded; and that the original contract be reinstated and the terms thereof enforced. It is the further prayer, but in the alternative, that the premium paid on the original contract, less the sum paid to the decedent during her lifetime as benefits, be returned. This count presents the counterpart of a suit in equity.

The pertinent provisions of the Rules of Civil Procedure are as follows:

Rule 1. "These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity. * * *"

Rule 2. "There shall be one form of action to be known as 'civil action.'"

Rule 38. "The right of trial by jury as declared by the Seventh Amendment to the Constitution * * * shall be preserved to the parties inviolate."

Rule 39(a). "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * the court, upon motion or of its own initiative finds that a right of trial by jury of some or all of those is-

sues does not exist under the Constitution * * *."

■ Neither the Rules of Civil Procedure nor the Act, 28 U.S.C. § 723c, 28 U.S.C.A. § 723c, under the authority of which they were prescribed, abolished the fundamental and substantive distinction between actions at law and suits in equity. The distinction, except in matters of procedure, is cautiously maintained. Rights and remedies peculiarly legal retain their inherent characteristics, and rights and remedies peculiarly equitable likewise retain their inherent characteristics. Legal and equitable rights may still be pursued and the respective remedies administered as heretofore, not only in the same forum, but in the same proceeding. Williams v. Collier et al., D.C., 32 F.Supp. 321; Grauman et al. v. City Company of New York, Inc., et al., D.C., 31 F.Supp. 172; Bellavance v. Plastic-Craft Novelty Co. et al., D.C., 30 F.Supp. 37; Fraser v. Geist et al., D.C., 1 F.R.D. 267; Trial by Jury and the New Federal Rules of Procedure, 45 Yale L.J., 1022. See Liberty Oil Company v. Condon National Bank et al., 260 U.S. 235, 242, 43 S.Ct. 118, 67 L.Ed. 232. Causes of action cognizable and remediable in a court of law are triable as jury cases; causes of action cognizable and remediable in a court of equity are triable as nonjury cases.

■ The Rules of Civil Procedure established a uniform system of procedure for law and equity and eliminated only the formal distinction. The "civil action" is a mere procedural unit and the joinder, as in this case, of legal and equitable causes of action, which the rules permit, does not require or even warrant their being considered as a unit for the purposes of trial. While the rules effect a unity of procedure they do not effect a merger of remedies. Legal and equitable remedies, while they may be administered in the same proceeding, must be administered separately as heretofore. It is not intended that the remedies shall be either jointly or interchangeably administered at the will or demand of the litigants. The rights and remedies of the respective parties remain unaffected. Causes of action historically legal are triable by the jury; causes of action historically equitable are triable by the court. If both are joined in a single civil action, the appropriate mode of trial must be followed as to each, and, in that sequence

which will promote efficient administration without curtailing the substantive rights of the respective parties. Sherwood v. United States, 2 Cir., 112 F.2d 587; Trial by Jury and the New Federal Rules of Procedure, Fleming James, Jr., 45 Yale L.J., 1022. See American Mills Co. v. American Surety Co., 260 U.S. 360, 365, 43 S.Ct. 149, 67 L.Ed. 306; Liberty Oil Co. v. Condon National Bank, supra. These rules are subject to a notable exception which will be hereinafter discussed.

Thus, in the immediate case, in passing upon the validity of the demand for trial by jury and in determining the mode of trial, the first count, presenting legal issues, and the third count, presenting equitable issues, shall be separately considered. It is apparent from the pleadings that the right of recovery under the former. is dependent upon the relief granted under the latter. It would seem, therefore, that consideration of the respective counts in inverse order is advisable.

The right of trial by jury is neither extended nor restricted but is preserved inviolate under the rules. This right, as heretofore, is dependent upon the Seventh Amendment to the Constitution, the pertinent provision of which reads: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, * * *."

This amendment neither enlarged nor abridged the right of trial by jury, but merely guaranteed its preservation as it then existed. Therefore, in order to ascertain the scope and meaning of the provision, resort must be had to the appropriate rules of the common law established at the time of its adoption. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150; Liberty Oil Co. v. Condon National Bank et al., supra; Shields v. Thomas et al., 18 How. 253, 59 U.S. 253, 15 L.Ed. 368. In the case of Shields v. Thomas et al., supra, the Supreme Court, at page 262 of 18 How., 15 L.Ed. 368, referring to this amendment, said:

"This provision, correctly interpreted, cannot be made to embrace the established exclusive jurisdiction of courts of equity, nor that which they have exercised as concurrent with courts of law; but should be understood as limited to rights and remedies peculiarly legal in their nature, and such as it was proper to assert in courts of law, and by the appropriate modes and proceedings of courts of law."

It is obvious that the amendment is subject to definite limitations and has no application to a proceeding not in the nature of an action at law. National Labor Relations Board v. Jones & Laughlin Steel Corp., supra; Agwilines, Inc., v. National Labor Relations Board et al., 5 Cir., 87 F.2d 146.

The determination of the mode of trial must be pursuant to and in accordance with the established principles of the common law. Inquiry must be made into the nature of the cause of action and the appropriate remedy as they existed thereunder. If the cause of action is legal in its nature and formerly remediable in a court of law, the right of trial by jury cannot be denied; if, however, the cause of action is equitable in its nature and formerly remediable in a court of equity, trial by jury should not be allowed. The common law distinction between the province of the jury and that of the court remains intact. Toucey v. New York Life Ins. Co., 8 Cir., 102 F.2d 16, 122 A.L.R. 1415; Williams v. Collier et al., supra; Bellavance v. Plastic-Craft Novelty Co., supra; Grauman et al. v. City Company of New York, Inc., supra; Commonwealth Trust Co. v. Reconstruction Finance Corp., D. C., 28 F.Supp. 586.

The third count is typical of a suit in equity. It states a cause of action which, under the common law, was cognizable only in a court of equity, and prays relief peculiar to equity jurisdiction. As hereinabove stated, the plaintiffs seek: relief from an alleged unintended and unconscionable contract; the rescission of the instruments in which the terms of the said contract are embodied; the reinstatement of the original contract; and, as an incident thereto, recovery under the terms of the latter. The basis for relief is mistake of fact. The action finds no equivalent except in equity, Toucey v. New York Life Ins. Co., supra; Holbrook, Cabot & Rollins Corp. v. Sperling, 2 Cir., 239 F. 715. The remedies are characteristic of equity jurisdiction and cannot be administered in a court of law. Deckert et al. v. Independence Shares Corp. et al., 311 U.S. 282,

289, 61 S.Ct. 229, 85 L.Ed. 189; Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 570, 59 S.Ct. 657, 83 L.Ed. 987.

 It is to be noted that the principal object of the suit is reinstatement of the original annuity contract and, as a condition precedent thereto, rescission of the alleged unconscionable agreement which now stands as a barrier. The remedy, if the right to relief is established, is reformation. Toucey v. New York Life Ins. Co., supra. The cause of action and the remedy are traditionally equitable. Philippine Sugar Estates Development Co., Ltd., v. Government of Philippine Islands, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed. 1177; Griswold v. Hazard, 141 U.S. 260, 11 S. Ct. 972, 999, 35 L.Ed. 678; Commercial Casualty Ins. Co. v. Lawhead, 4 Cir., 62 F.2d 928; Hutchings et al. v. Caledonian Ins. Co., 4 Cir., 35 F.2d 309. The right to the recovery of money damages under the reinstated or reformed contract as an incident to equitable relief does not affect the inherent nature of the suit and will not deprive the court of jurisdiction even though damages might have been recovered in an action at law. National Labor Relations Board v. Jones & Laughlin Steel Corp., supra.

The demand for trial by jury, in so far as it relates to the third count, is subject to a further objection, especially when it is remembered that the demand is made by the plaintiffs. They, by their pleadings, have impliedly waived the right to trial by jury, if such a right existed. They have in effect invoked the jurisdiction of equity and are not in a position to question the established mode of trial. They have elected to proceed as in equity and they thereby have impliedly waived the right to trial by jury. American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Smith Engineering Co. et al. v. Pray et al., 9 Cir., 61 F.2d 687; Fraser v. Geist, supra.

The first count presents the equivalent of an action at law, and if the issues raised thereunder were independent of those raised under the third count, the right of trial by jury would not be open to question. As hereinabove stated, however, the right of recovery under the former is dependent upon the relief granted under the latter. The cause of action, as pleaded in the first count, is based not on an existing contract but on a cancelled contract, the reinstatement of which is sought under the third count. If relief under the latter is granted, further proceedings will be unnecessary because the court, in affording a complete and adequate remedy, may enter judgment on the reinstated contract; if relief under the latter is denied, further proceedings will be unnecessary because the cause of action stated under the former must fail. The immediate case is strikingly similar in many respects to the case of Toucey v. New York Life Ins. Co., hereinabove cited.

 The issues of the controversy are essentially equitable and are fully stated under the third count. The legal issues are merely incidental and are so interwoven with the equitable issues as to require a determination of both on the trial of this count. Here, again, the decision as to mode of trial must rest upon the established common law principle that a court of equity, having taken cognizance of a suit, will retain jurisdiction and administer complete relief, even though this involves the determination of legal rights which otherwise would not be within range of its authority. Kinney-Coastal Oil Co. et al. v. Kieffer et al., 277 U.S. 488, 48 S.Ct. 580, 72 L.Ed. 961; McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L. Ed. 955; Camp v. Boyd, 229 U.S. 530, 33 S. Ct. 785, 57 L.Ed. 1317; Taylor v. Spurway, 5 Cir., 72 F.2d 97; Smith Engineering Co. et al. v. Pray, supra; Connecticut Fire Ins. Co. v. McNeil, 35 F.2d 675. The Rules of Civil Procedure supplanted the Equity Rules, and particularly Rule 23; they did not repeal or abrogate, however, the foregoing principle, so long a part of equity jurisprudence. The right of trial by jury of the legal issues attaches only if such issues remain after trial of the equitable issues. Liberty Oil Co. v. Condon National Bank et al., 260 U.S. 235, 43 S.Ct. 118, 67 L. Ed. 232.

In the immediate case the issues may be determined, the rights of the parties fully adjudicated, and the appropriate remedies administered in a trial by the court on the third count. After such a trial there will be no legal issues remaining for submission to a jury.

The principal cases relied upon by the plaintiffs, to wit, Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Buzard v. Houston, 119 U.S. 347, 7 S.Ct. 249, 30 L.Ed. 451, are not applicable.

The demand for trial by jury is stricken in its entirety, as to the third count on the motion of the defendant, and as to the first count on the initiative of the Court. The case is assigned to the calendar of nonjury cases for trial by the Court in conformity with this memorandum.