## BERMAN v. AUTOMOBILE INS. CO. OF HARTFORD, CONN.

### Civil No. 1324.

District Court, D. New Jersey.

Aug. 20, 1941.

Winne & Banta, of Hackensack, N. J. (by Walter G. Winne, of Hackensack, N. J.), for plaintiff.

Cox & Walburg, of Newark, N. J. (by Harry E. Walburg, of Newark, N. J.), for defendant.

SMITH, District Judge.

The above-entitled action is before the court at this time on the motion of the defendant to strike a demand for trial by jury filed by the plaintiff, pursuant to and in accordance with the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 38. The only question presented for determination is whether or not the plaintiff is entitled to a trial by jury as of right.

The determination of the mode of trial must be pursuant to and in accordance with the established principles of the common law. Inquiry must be made into the nature of the cause of action and the appropriate remedy as they existed thereunder. If the cause of action is legal in its nature and formerly remediable in a court of law, the right of trial by jury cannot be denied; if however, the cause of action is equitable in its nature and formerly remediable in a court of equity, trial by jury should not be allowed.

The complaint states a cause of action which, under the common law, was cognizable only in a court of equity, and prays relief peculiar to equity jurisdiction. The plaintiff, therefore, is not entitled to a trial by jury as of right.

The authoritative decisions are collected in the memorandum filed by this Court in the case of Fitzpatrick et al. v. Sun Life Assurance Company of Canada, 1 F.R.D. 713.

The demand for trial by jury is stricken and the case is assigned to the calendar of non-jury cases.