No. 22253.

F. M. SETCHELL *v.* RAYMOND R. DELLACROCE, CHRISTINE J.
DELLACROCE, WILLIAM E. ELTING, ELSIE ELTING, AND
LILLIAN ROSEN.
(454 P.2d 804)

Decided May 26, 1969.

Law, Nagel and Clark, John M. Law, James W. Heyer, for plaintiff in error.

Gibson, Gibson, Cole & Gerdes, George M. Gibson, for defendants in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is an action to compel specific performance of an alleged oral agreement to refinance certain real property or to permit the redemption of the property after the expiration of the period permitted by statute for redemption after foreclosure of a trust deed. In the event

that specific performance should be unavailable, judgment for damages was demanded.

The record reflects that F. M. Setchell purchased certain real property from Raymond and Christine Dellacroce, who will hereinafter be referred to by last name only. Setchell made a down payment, assumed obligations under a first mortgage and a second deed of trust, and executed a note and third deed of trust to the Dellacroces. After Setchell defaulted on payments, the Dellacroces initiated foreclosure proceedings, and bid in the property themselves at the public trustee's sale on March 29, 1960. Upon expiration of the statutory period of redemption, they took a deed to the property from the public trustee.

Thereafter Setchell brought the present action to compel specific performance. In the alternative, in the event his claim for specific performance should be denied, or in the event the Dellacroces should be unable to specifically perform, he sought damages. His demand for a jury trial was stricken. After a trial to the court, judgment was entered dismissing the action against William E. Elting and Elsie Elting, who were the beneficiaries under the second deed of trust, because they had not been personally served within Colorado. Early in the proceedings the court ordered that no affirmative relief would be granted against Lillian Rosen, who also held an interest in the property. No dispute exists as to the propriety of that order. The court further entered judgment against Setchell on his claims for specific performance or damages, and he seeks review of the judgment.

In his brief, Setchell contends (a) that the findings of the trial court regarding the alleged oral agreement are contrary to the evidence; and (b) that the court erred in striking his demand for a jury trial. We find no error and therefore affirm the judgment of the trial court.

I.

■■ The testimony in this case conflicts sharply. The Dellacroces testified generally to the effect that the parties had discussed several times the possibility of re-

financing. The trial court found that several proposals were made by Setchell, although the parties agreed only on the point that Setchell could exercise his right of redemption during the redemption period by payment in full, or by paying off certain encumbrances and executing a new note and deed of trust. The trial court pointed out that Setchell had this right without the consent of the Dellacroces, and in fact this course was recommended by the Dellacroces, their attorneys, and Setchell's own attorney. The trial court specifically found that there was no fraud or misrepresentation on the part of the defendants. The court further found that Setchell himself had considerable experience in real estate matters, and that he had acted contrary to the advice of attorneys regarding the redemption. Unless the evidence is wholly insufficient to sustain them, the findings of a trial court sitting without a jury are conclusive on review by writ of error. *E.g., Andersen-Randolph Co., Inc. v. Taylor*, 146 Colo. 170, 361 P.2d 142. We have examined the transcript, and conclude that there was substantial evidence to support the findings made by the trial court. The credibility of the witnesses was a matter to be determined by the court.

## II.

Setchell contends principally that the trial court erred in striking his demand for a jury. We disagree. Under our state constitution, trial by a jury in a civil action or proceeding is not a matter of right. *Parker v. Plympton*, 85 Colo. 87, 273 P. 1030. In Colorado, the right to jury trials in civil cases is regulated by Rule 38 of the Colorado Rules of Civil Procedure promulgated by the Supreme Court under its constitutional rule-making power.

It is apparent from the language of R.C.P. Colo. 38(a) that the right to trial by jury is guaranteed only in actions at law therein specifically named. Therefore, whether an issue of fact must be tried to a jury in Colorado depends upon the character of the action in which the issue is joined. *Neikirk v. Boulder National Bank,*

53 Colo. 350, 127 P. 137, quoted with approval in *Miller v. District Court*, 154 Colo. 125, 388 P.2d 763. The complaint fixes the nature of the suit. *Miller v. District Court, supra.*

We must decide, consequently, whether a plaintiff is entitled as a matter of right to a jury trial under R.C.P. Colo. 38(a) when he prays for specific performance, or in the alternative for damages.

In the present action, Setchell set out three claims for relief. In his first claim, he alleged substantially that the Dellacroces had agreed, promised and assured him that they would renegotiate and refinance the obligation, even after the expiration of the statutory period for redemption, rather than exchange their certificate of purchase for a deed from the public trustee. In his second claim, Setchell incorporated the allegations included in his first claim, and alleged further that if his first claim were not granted, he would be damaged in the sum of $387,500, as a direct and proximate result of the "false, fraudulent and deceitful conduct of the [Dellacroces]." In his third claim, Setchell asked for exemplary damages.

█ Setchell made it clear in his complaint that he was seeking equitable relief. A suit for specific performance is an equitable action. *Plains Iron Works Co. v. Haggott,* 72 Colo. 228, 210 P. 696. After setting out his first claim, he demanded that the Dellacroces be required to specifically perform their agreement to renegotiate and refinance the premises, or in the alternative, that the Dellacroces be required to reconvey the premises upon payment of $52,471.02, the amount required to redeem the premises. "In the event plaintiff's [first claim] is denied, or in the further event that the [Dellacroces] are unable to specifically perform as therein demanded." Setchell prayed for damages on his second claim based on the alleged difference in value of the land at the time of redemption and the amount necessary to redeem.

In his first edition of his work on Federal Practice,

Professor Moore stated that if the plaintiff prayed for equitable relief, and in the alternative for legal relief, if the equitable relief were not granted, he should not be entitled to a jury since on his preferred theory the case was one for the court. 3 *Moore, Federal Practice,* para. 38.02.

Rather than strictly apply Moore's test, the court in *Fraser v. Geist,* 1 F.R.D. 267, examined the complaint to determine whether the plaintiff had stated a good claim for *either* equitable or legal relief. Although the court in *Fraser* reached the same result reached by Professor Moore, namely, the denial of a jury, the rule of the *Fraser* opinion permits a court to sustain a plaintiff's demand for a jury if he has failed to state an equitable claim, but has nevertheless stated a legal claim. See 5 *Moore, Federal Practice,* para. 38.17 (2d ed.).

"With deference" to the "more tender rule" of *Fraser,* Professor Moore nevertheless states in his second edition "that until the plaintiff amends his complaint to strip it of his first demand for equitable relief, he must be held to be pressing for that relief, and he (plaintiff) is not entitled to demand jury trial. And we believe that the weight of authority is in accord." 5 *Moore, Federal Practice,* para. 38.17 (2d ed.). *In re Canister Co.,* 182 F.2d 510, and *Missouri Pac. Transp. Co. v. George,* 114 F.2d 757, *cert. denied* 312 U.S. 681, 61 S.Ct. 549, 85 L.Ed. 1120, support the position taken by Moore. Nor does the fact that the equitable relief sought would require the conveyance of land to Setchell bring the case within that portion of Rule 38(a) requiring a jury trial in actions "for the recovery of specific real . . . property." See *Plains Iron Works Co. v. Haggott, supra.* That portion of Rule 38(a) deals only with actions at law for the recovery of real property.

In the present case, cumulative remedies were not available to Setchell. If Setchell had proved the allegations in his first claim, equitable relief would have been granted. See Annot., 54 A.L.R. 1207. Had Setchell suc-

218

ceeded in obtaining the equitable relief he sought, his damage claim would have fallen by the very nature of the equitable relief granted. According to the findings of the trial court, which we have concluded were supported by the evidence, Setchell was not entitled to the equitable relief which he demanded. We emphasize that Setchell demanded damages only in the event that equitable relief was impossible because the defendants had put it out of their power to comply. Under these circumstances, therefore, we conclude that Setchell was not entitled as a matter of law to demand a jury. See *In re Canister Co., supra; Missouri Pac. Transp. Co. v. George; supra;* 5 *Moore, Federal Practice,* para. 38.17 (2d ed.); *Denver Gravel & Concrete Co. v. Boyle,* 161 Colo. 206, 420 P.2d 829; *Miller v. District Court, supra.*

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.